J. C. McBURNEY, plaintiff in error, *vs.* W. T. HOLLINGS-WORTH, defendant in error.

If there be evidence to support a verdict, and the presiding Judge refuses a new trial, and there be no error of law, this Court, although it may not be satisfied with the verdict, will not reverse the decision of the Court below.

Motion for New Trial. Assignment of errors. Before Judge COLE. Bibb Superior Court. May Term, 1869.

McBurney sued Hollingsworth upon a draft, and for money had and received. The plea was payment, and on that issue evidence, *pro* and *con*, was introduced. After argument, and a charge from the Court, the jury found for the defendant. A new trial was moved for, upon the grounds that said verdict was contrary to law, and strongly and decidedly against the weight of the evidence, and because the jury, being unable to agree, adopted a two-thirds rule, and thus came to said verdict. This was unknown to plaintiff at the time. Whether the verdict was so made did not appear otherwise than as aforesaid. The new trial was refused, and that refusal is assigned as error. (When the cause was called here,

defendant's counsel moved to dismiss the writ of error, because there was no assignment of errors, except as aforesaid. This motion was overruled.)

LOCHRANE & CLARK, BACON & SIMMONS, for plaintiff in error.

LANIER & ANDERSON, for defendant in error.

McCAY, J.

We are inclined to think that the weight of evidence in this case was against the verdict, but not so manifestly and grossly so as to make it the duty of this Court to overrule the discretion of the Judge in refusing a new trial. As we have so often said, a new trial, by this Court, on the ground of error in the jury in finding contrary to the testimony, must be founded on an *abuse* by the Judge below of his discretion. The statute in such cases gives him discretion: Code, 3666. Surely this means *something*. It is not sufficient to justify the interference of this Court that the verdict is against the weight of evidence; it must be so much so as to make it an abuse of the discretion of the Judge to refuse it.

We do not think the possession of the draft by the plaintiff was any evidence in this case. Hollingsworth had no right to this paper, even if he had paid it. It was a voucher for Mr. Hobbs, and, as nobody was liable on it but McBurney, it went to its proper custody when it went to him. This whole case turned upon the testimony of the two clerks. There seems to have been no dispute as to the loan of the money, and neither the plaintiff nor defendant, of their own knowledge, can say whether or not it has been paid. McBurney's clerk says it was not paid. Hollingsworth's says it was. We are inclined to think McBurney's clerk right, since the books of both the parties fail to show the payment, which, if they, or either of them, keep correct books, they ought to show, if the fact be so. There was, however, evidence, to some extent, explaining this failure of Hollingsworth's books, and, at last, the matter was for the

jury as to which of these two clerks they ought to believe. We cannot undertake to say what the jury ought to have done. The law leaves such matters to the jury, and if they go wrong, the discretion of the Judge may be appealed to. If he *abuses* that discretion this Court may interfere. We see no such abuse in this case. We have not the means of knowing the character, appearance, intelligence, and mode of testifying of these witnesses, and without that, it would be folly for us to attempt it.

Judgment affirmed.