## COHEN *v.* COHEN.

1. There was no abuse of discretion in overruling the motion to continue or postpone the case, when originally made or when repeated.
2. A promissory note payable to order and issued with a blank for the payee's name may be filled up by any bona fide holder with his own name as payee, and it is a good promissory note as to him from its date. *Moody* v. *Threlkeld,* 13 *Ga.* 55 (3). See also *Roth* v. *Donnelly Grocery Co.,* 8 *Ga. App.* 851 (70 S. E. 140).
(a) The motion to review and reverse the ruling of this court in the case above cited is denied.
3. In a civil case it is generally the better practice not to require a party, over objection, to strike a jury from less than a full panel. But in this case no injury could have resulted to the defendant from so doing.
4. The presiding judge submitted the theory of each party, and it can not be said that the verdict was without evidence to support it.
5. None of the grounds of the motion for a new trial show any error requiring a reversal.

JUNE 17, 1913.  REHEARING DENIED JULY 21, 1913.

Complaint. Before Judge Bell. Fulton superior court. July 29, 1912.

*George F. Gober* and *Morris Macks,* for plaintiff in error.

*Winn & Visanska,* contra.

LUMPKIN,, J. Julius Cohen sued S. Aron as maker, and Morris Cohen as indorser, on a promissory note. Morris Cohen pleaded, among other things, that the note had been altered, since he indorsed it, by the insertion of the name of the plaintiff as payee; and also that he and the plaintiff agreed to indorse a note for Aron, to be discounted at a certain bank, or returned, and that it was neither so discounted nor returned, but the plaintiff gave his own note for the amount of money and thus obtained it from a third party, and then held this note as security. There was conflicting evidence. The judge submitted the two contentions. .The jury settled the issue, and there was sufficient evidence to sustain their verdict.

None of the grounds of the motion for a new trial require a reversal. The headnotes require no elaboration except in one respect. When the case was called, there were eighteen jurors present. The plaintiff's counsel declined to strike, and waived his right to do so. The defendant's counsel desired a full panel of twenty-four. The judge directed that he strike from the eighteen. After he had exhausted his six strikes, the case was tried before the remaining twelve. This is alleged as error. Perhaps it might have been more correct to have filled the panel. But how was the defendant hurt? There were eighteen jurors. He had but six strikes. Twelve were left. The thirty-ninth rule of the superior court provides that if either party shall fail to strike, by such failure he shall forfeit a strike; and if more than twelve jurors remain upon the list, the first twelve not stricken shall constitute the jury. Had the names of six extra jurymen been added to the panel, and had the defendant stricken any or all of them, then he would have lost that many strikes which he used as to jurymen already on the panel. Had he made the same strikes, then the six added jurymen would have been excused after calling the first twelve names above them. So that, in either event, we see no harm which befell the defendant.

*Judgment affirmed. All the Justices concur.*