40861. BRASELTON BROTHERS, INC. v. BETTER MAID DAIRY PRODUCTS, INC.

DECIDED OCTOBER 21, 1964.

*Floyd Hoard, Telford, Wayne & Greer, Jeff C. Wayne, Dent Bostick,* for plaintiff in error.

*Fortson, Bentley & Griffin, Edwin Fortson, Wheeler, Robinson & Thompson, Emory F. Robinson,* contra.

FELTON, Chief Judge. Braselton Brothers, Inc., a retailer, sued Better Maid Dairy Products, Inc., a wholesaler, and its employee, James Saxton, to recover damages for alleged over-charges paid by the plaintiff for milk sold to it by the defendant wholesaler and delivered by the defendant employee of the wholesaler. The case is in default as to defendant Saxton. The court referred the case to an auditor to investigate and pass upon all questions of law and fact. Subsequently to the auditor's finding in favor of the plaintiff, defendant Better Maid filed its exceptions to the findings of law and fact and filed a motion for summary judgment. The court granted the motion for summary judgment and it is to this judgment that the plaintiff excepts.

1. There is but one issue to be decided in this case and that is whether the superior court had jurisdiction to entertain and grant a summary judgment under the circumstances above enumerated. Our conclusion is that the court had no such jurisdiction. The purpose of the Summary Judgment Act (*Code Ann.* §§ 110-1201, 110-1209; Ga. L. 1959, pp. 234, 236) was to provide a procedure which would eliminate the necessity of the trial of contested law suits. In the light of this exclusive purpose, the intention of the General Assembly could have been only that the time for such a procedure would be prior to a trial which was

designed to end in a final judgment in the case. The purpose of the law was not to change or amend or do away with any of the existing procedures afforded parties to a law suit. Of course, if a case had resulted in a mistrial, resort to summary judgment might still be had for the reason that the procedure would still be a pretrial matter in the true sense. As to Federal Rule No. 56, in Parmelee v. Chicago Eye Shield Co., 157 F2d 582, 168 ALR 1130, it was stated: "The rule contemplates an inquiry in advance of trial as to whether there is a genuine issue and may be invoked for the purpose of striking sham claims and defenses which obstruct a prompt determination of the truth. It can not be so applied as to deprive a litigant of his right to try any genuine issue by jury or otherwise." The trial of this case had proceeded to the point where the court was under duty under existing rules of law to pass upon the findings of law and fact filed in the auditor's report. The defendant, under existing procedures, had the right to file exceptions of law and fact to the auditor's report and was entitled to have his exceptions of fact submitted to a jury in the superior court, this being a law case. It was not the intent of the summary judgment law to change the existing procedure in such a case. It is argued by the defendant in error that the granting of the summary judgment is analogous to the direction of the verdict. If a procedure such as this is permitted to be followed it could circumvent the well-established rule that in a law case, exceptions of fact must be submitted to a jury and that a verdict in such a case can only be directed where a jury has been impaneled and the exceptions of fact presented to it. *Henry v. Century Finance Co. Inc.*, 110 Ga. App., 498. It is argued by the defendant in error that the Summary Judgment Act provides that a defendant may move for a summary judgment "at any time." "At any time" obviously means at any time before a trial begins in which a final judgment is to be rendered, and does not mean that a motion for summary judgment may be filed without any time limit whatsoever. The period "at any time" is simply used in the law to distinguish between the time a plaintiff or a defendant has in which to file a motion for a summary judgment. We think that the question is jurisdictional, and the jurisdiction of the court

to grant the summary judgment under the circumstances of this case could not be waived by the failure of the plaintiff in the case to except to the procedure on the ground of lack of jurisdiction, as jurisdiction of subject matter can not be waived.

The court was without jurisdiction to entertain and grant the defendant's motion for a summary judgment, and the court erred in granting it.

*Judgment reversed. Frankum and Pannell, JJ., concur.*