## 47442.   BATEY v. STONE et al.

STOLZ, Judge. The plaintiffs, purchasers of a new house, obtained a verdict and judgment against the defendant builder-seller of the house in their action for damages for fraud. The defendant appeals from the overruling of his motion for judgment n.o.v. or, in the alternative, for a new trial. *Held:*

"If there is a concealed defect, known to the seller, in property being sold, the seller is bound to reveal it to the purchaser [cits.]; and although the purchaser signs a contract of sale which provides that it contains the entire agreement between the parties and that no representation, statement, or inducement except as therein noted shall be binding upon either party, this provision

does not relieve the seller from performing his duty to disclose the concealed defect to the purchaser, either by a statement in the contract or otherwise. Concealment of material facts may amount to fraud when direct inquiry is made, and the truth evaded, or where the concealment is of intrinsic qualities of the article which the other party by the exercise of ordinary prudence and caution could not discover (*Code* § 96-203); and misrepresentation may be perpetuated by acts as well as words, and by artifices designed to mislead. *Code* § 96-202." *Southern v. Floyd,* 89 Ga. App. 602 (1, 2) (80 SE2d 490).

Under the above principles, the verdict was authorized by evidence that the defendant was aware of defective waterproofing, which he had concealed with dirt and paneling; that the driveway had less than the stipulated thickness and base in some areas; that some beams had sagged because of inadequate size; that the paint and other finishes were improperly and inadequately applied; that portions of the house had sunk as much as 3 inches, cracked, and malfunctioned due to fill dirt underneath; and that these defects were not apparent until after the plaintiffs had occupied the house. Although the evidence showed that the plaintiff husband rather closely supervised the construction, there were periods of up to 2 or 3 weeks at a time when he was not present, at which times some of the alleged defects might have been perpetrated and concealed. It was in the jury's province to determine whether or not the plaintiffs exercised diligence in discovering the falsity of the misrepresentations, whether they were by acts, words, or misleading artifices. *Daniel v. Dalton News Co.,* 48 Ga. App. 772, 775 (173 SE 727).

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*
ARGUED SEPTEMBER 6, 1972—DECIDED SEPTEMBER 20, 1972.

*Charles H. Edwards, Claude E. Hambrick,* for appellant.

*Shulman, Alembik & Rosenbluth, Arnold Shulman, Aaron I. Alembik, Jerry Rosenbluth,* for appellees.