50496. ROBINSON-SHAMBURGER, INC. v. TENNEY et al.

Pannell, Presiding Judge.

An action was brought by Robinson-Shamburger, Inc., against Jerry B. Tenney and Floyd J. Tenney alleging they constituted a partnership trading as

Unique of Tenney and were indebted to plaintiff in a stated amount, plus attorney fees. Each of the defendants was personally served and failed to answer within the time required by law. A judgment was subsequently entered against them for the amount of the indebtedness and attorney fees. Attached to the complaint, and referred to as Exhibit A, was, on one page, an application for credit and a suretyship agreement. The name of the applicant was typed in as "Unique of Tenney, Inc.," with the "Inc." crossed out in ink. In a space for the name of owners, if a trade name, appeared in ink, "Jerry B. Tenney, President, Floyd J. Tenney." The space for the name of the president, if a corporation and the place of incorporation, were left blank. The application was signed "Jerry B. Tenney" and by the word "Title," following the name, was written in ink "President." This instrument was dated May 28, 1974. The suretyship agreement recited: "In consideration of the extension of credit to: Unique of Tenney, Inc. [with the "Inc." marked through in ink] by Robinson-Shamburger, Inc., the undersigned agrees to become primarily liable," etc. This suretyship agreement contained a provision for a payment of 15% attorney fees in event of a collection made by or through an attorney at law. This suretyship agreement was signed by Jerry B. Tenney and dated May 29, 1974.

The defendants made a motion to set aside the judgment "on the ground that the pleadings herein affirmatively show no claim in fact against said defendants as appears more fully from the affidavit attached hereto and made a part thereof...," then followed three paragraphs asserting that the exhibit attached to the complaint shows that credit was extended to a corporation, not the individuals. Attached to the motion was an affidavit of both Floyd and Jerry Tenney stating they were not operating as a partnership doing business as Unique of Tenney, but that Jerry B. Tenney was operating said business under a trade name as Unique of Tenney, as evidenced by a certified copy of a trade name affidavit dated January 30, 1974, and properly recorded in the office of the Clerk of the Superior Court on January 30, 1974, which was attached. Their affidavit further stated that to their knowledge there was no corporation

known as Unique of Tenney, Inc.; that Floyd J. Tenney had not signed any suretyship agreement authorizing attorney fees, and that Floyd J. Tenney has no interest in the operation of the business of Unique of Tenney and has received no income or benefits whatsoever from the proprietorship of Jerry B. Tenney doing business as Unique of Tenney, and has not invested any money in the business.

The president of the complainant corporation made an affidavit containing in part the following: "That on or about the 28th of May, 1974, Mr. Jerry B. Tenney inquired as to the extension of further credit to purchase air conditioning equipment on account. That it is the policy of Robinson-Shamburger, Inc. to have all customers who wish to purchase equipment on credit fill out an application and suretyship agreement. That at the time the application and suretyship agreement was first partially completed, I was under the impression that Unique of Tenney was a corporation and I typed in the words Unique of Tenney, 'Inc.' That at the time Jerry B. Tenney came to my office in Decatur for the signing of this document, he informed me Unique of Tenney was a trade name and a partnership, not a corporation. That acting in reliance on the representations made by Mr. Jerry Tenney, I marked out the word 'Inc.', from the application and filled in the rest of the credit application. That Jerry B. Tenney signed said application on behalf of the partnership and Unique of Tenney."

The original application and suretyship agreement were attached to the affidavit. The motion to set aside was granted after consideration of the pleadings and the affidavits. The complainant appealed. *Held:*

1. The pleadings did not show on their face that complainant's claim of indebtedness against the defendants did not exist. Section 60 (d) of the Civil Practice Act (Ga. L. 1966, pp. 609, 662; Code Ann. § 81A-160 (d)). *Paine v. Lowndes County Bd. of Tax Assessors,* 124 Ga. App. 233 (183 SE2d 474).

2. The attorney fees claimed were based upon the Exhibit A, in which attorney fees were provided for in the suretyship agreement. Floyd Tenney did not sign the suretyship agreement and the complaint, therefore,

shows on its face the claim of attorney fees based on such agreement did not exist as against Floyd Tenney. Code § 20-506.

3. Even should we consider the motion to set aside as an ordinary or extraordinary motion for new trial, affidavits and matter not on the face of the record being considered, the judgment otherwise must still stand. Both defendants were personally served, both failed to answer as required by law, neither asserts any excuse for failing to do so. That Floyd B. Tenney was not actually a partner is neither a ground of a motion to set aside as to the indebtedness, nor a ground for an ordinary or extraordinary motion for new trial. As far as the law is concerned, by his failing to answer, he has had his day in court.

4. The judgment is affirmed insofar as it set aside the judgment as to attorney fees against Floyd J. Tenney, and reversed as to the remainder thereof. It is ordered that a new judgment be entered accordingly.

*Judgment affirmed in part and reversed in part with direction. Quillian and Clark, JJ., concur.*

ARGUED APRIL 8, 1975 — DECIDED JUNE 16, 1975.

*Bowden & Kraus, Ralph T. Bowden, Jr., Fredrick J. Kraus,* for appellant.
*Richter & Birdsong, Horace E. Richter, Allen B. Keebler,* for appellees.