## 50633. W. H. MULHERIN CONSTRUCTION COMPANY v. BETTERTON.

EVANS, Judge.

Robert J. Betterton purchased a home from W. H. Mulherin Construction Co. The house was in a substantial state of completion, although certain items were still to be completed in accordance with the contract of purchase. The builder, Mulherin, represented the home to be "a good home . . . and he was proud of it." (Tr. p. 6) He at no time indicated there were any defects or suspected defects in existence, and stated that the company had been in the construction business for years.

Betterton moved in and began having severe problems with drainage in the basement; the driveway began cracking, flaking and powdering with potholes; the carport sank, preventing the drainage of water; the tile cracked in the bathroom; and the roof began to leak.

Betterton sued Mulherin for fraud in the concealment of latent defects, and alleged that because of the aggravated circumstances he was entitled to recover punitive and exemplary damages against the defendant.

The case was thereafter tried before a jury, and a verdict was returned in favor of the plaintiff for $2,000. Judgment was duly entered on the verdict. Motion for new trial was filed, amended and denied. Defendant appeals. *Held:*

1. Defendant contends that the case should be reversed on the general grounds because, as he asserts, no fraud was shown. But there was testimony as to latent defects in the construction of the dwelling; that the builder was more experienced than the plaintiff as to the construction of buildings; and that defendant had been requested to correct the defects and had failed and refused to do so. Fraud is of itself subtle, and slight circumstances may be sufficient to carry conviction of its existence. Code § 37-706. There was evidence in this case sufficient to support the verdict. There is no merit in this contention. *Batey v. Stone,* 127 Ga. App. 81, 82 (192 SE2d 528); *Thibadeau & Co. v. McMillan,* 132 Ga. App. 842 (209 SE2d 236). The evidence did not demand a finding in favor of the defendant. See *McBurney v. Hollingsworth,* 40 Ga. 197.

2. Defendant complains that the court erred in charging that "a reckless representation of facts [i]s [sic] true which the other party may not know to be false if intended to deceive is equivalent to actual knowledge of the faulty representation made." (Tr. page 109.) Defendant contends there was no reckless representation made with the intent to deceive and therefore the court erred in giving this charge. But defendant did represent to plaintiff that the home was a good home and he was proud of it. Defendant also testified that he closely watched the sub-contractor who poured the concrete drive and yet it proved out later that the defects were so apparent, due to thin concrete, as to amount to improper excavation in the driveway bed. There was also ample evidence that the basement leaks resulted from improper waterproofing and lack of adequate water seals. Thus, the testimony that the home was built under the direct supervision and control of the defendant was sufficient to authorize a charge that ". . . a reckless representation of facts as true which the other party may not know to be false, if intended to deceive, is equivalent to actual knowledge of the faulty representation made." Such charge was not erroneous under the evidence in this case.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED APRIL 30, 1975 — DECIDED JUNE 19, 1975.

*Harrison & Garner, G. Hughel Harrison,* for appellant.

*Hinkle & Bianco, Theodore P. Bianco,* for appellee.