## 54488. CLARK v. AENCHBACHER.

WEBB, Judge.

Clark contracted to build for Aenchbacher a residence on his lot for $36,700 according to plans and specifications. Clark was an experienced builder, having constructed some six to eight hundred dwellings. Construction was completed on February 26, 1975, and Aenchbacher moved in the first part of March. When he attempted to start a fire in the fireplace, he found the starter was defective and not working properly. After getting the fire started, the fireplace and chimney did not function properly, causing the room to become filled with smoke. Next came a rain, and it poured in from around the fireplace. Thereafter Aenchbacher found his basement floor covered with probably 200 gallons of rainwater.

The foregoing occurrences prompted him to investigate the construction further. He alleged that he found the footings around the house were improperly poured; the footing for a pipe column in the basement was omitted allowing the steel column to bear directly on the underlying soil; the crawl space was not properly cleared of debris; the chimney and the fireplace were improperly constructed; the foundation drain was improperly installed; air vents for cross ventilation were not properly placed; proper support was not provided for front wall or front porch; the bearing wall in the garage area was inadequate; no brick to wall ties were installed for the brick veneer; the roof around the chimney was improperly installed so that leakage occurred; the landscaping was improperly done allowing drainage toward the house; and the wall between the basement and the crawl space was improperly constructed. He further alleged that these defects were concealed from him by the builder and that the builder fraudulently misled him into believing that the house was properly constructed, when in fact it had not been constructed pursuant to plans and specifications, was in violation of applicable building code standards, and had not been constructed in a proper workmanlike manner.

Clark, the builder, did send someone to repair the fireplace starter, but refused to do any further corrective

work, stating that ". . . he didn't have to . . . that he had built a house and that was all he had to do. That he didn't have to do nothing." Aenchbacher then arranged a meeting with the chief building inspector for Cobb County for all parties concerned to inspect the dwelling. At that meeting Clark agreed that various items were needful of repair, and agreed to retain a structural engineer to correct the problem with the fireplace. Thereafter, however, Clark did nothing toward making the needed corrections and completely ignored Aenchbacher and his home.

On February 26, 1975, Aenchbacher had signed a statement submitted to him by Clark addressed "Re. Clark Homes, Inc.," and reading "I, W. L. Aenchbacher, am completely satisfied with the workmanship and materials in the house on Callaway Road, Cobb County, Georgia. Building Permit No. 51195. My house was completed on February 26, 1975." On that same date he also signed a request to Atlanta Federal Savings & Loan Association for an advance of $2,304.60 to be paid to Morris Clark, in which the following appears: "I hereby acknowledge and agree that I have carefully inspected the house and premises, and have found the same to be partially completed or completed in accordance with such plans and specifications previously submitted in connection with this loan, and that I do not look to Atlanta Federal Savings & Loan Association to any extent to assist or indemnify me if there should be any defects in the construction of said house, whether now apparent or hereafter coming to light. . ." Aenchbacher testified that Clark told him he needed the statements to get his final draw of funds and had run out of money. Clark himself testified on direct examination that he went to Aenchbacher and told him that he, Aenchbacher, would have to sign the statement before he moved into the house and that he, Clark, ". . . just require[s] the person to sign my release. . ."

The case went to trial as to all issues of fact, and verdict and judgment were returned and entered for Aenchbacher for $5,000 actual damages, $7,500 punitive damages, and $2,500 attorney fees. On his appeal Clark enumerates three alleged errors, all relating solely to the

issue of punitive damages and attorney fees. He makes no attack whatever on the verdict and judgment as to actual damages.

1. Clark complains that the present action having arisen on a contract, "[e]xemplary damages can never be allowed" (Code Ann. § 20-1405), and therefore the verdict and judgment for punitive damages were unauthorized. Even in an action for breach of contract, where there were matters of record relating to fraud, punitive damages can be awarded, for "[f]raud, if found, is tortious conduct." *Diana v. Monroe,* 132 Ga. App. 669 (2) (209 SE2d 70) (1974); *Rosenberg v. Mossman,* 140 Ga. App. 694 (4) (231 SE2d 417) (1976).

In *W. H. Mulherin Const. Co. v. Betterton,* 135 Ga. App. 223 (217 SE2d 454) (1975), not altogether unlike the present case, the complainant sued for fraud in the concealment of latent defects and sought recovery of punitive and exemplary damages. Judge Evans, speaking for the court, said: "Defendant contends that the case should be reversed on the general grounds because, as he asserts, no fraud was shown. But there was testimony as to latent defects in the construction of the dwelling; that the builder was more experienced than the plaintiff as to the construction of buildings; and that defendant had been requested to correct the defects and had failed and refused to do so. Fraud is of itself subtle, and slight circumstances may be sufficient to carry conviction of its existence. Code § 37-706. There was evidence in this case sufficient to support the verdict. There is no merit in this contention. *Batey v. Stone,* 127 Ga. App. 81, 82 (192 SE2d 528); *Thibadeau & Co. v. McMillan,* 132 Ga. App. 842 (209 SE2d 236). The evidence did not demand a finding in favor of the defendant. See *McBurney v. Hollingsworth,* 40 Ga. 197."

"Concealment of material facts may amount to fraud when direct inquiry is made, and the truth evaded, or where the concealment is of intrinsic qualities of the article which the other party by the exercise of ordinary prudence and caution could not discover (Code § 96-203); and misrepresentation may be perpetuated by acts as well as words, and by artifices designed to mislead." *Batey v. Stone,* 127 Ga. App. 81, 82 (192 SE2d 528) (1972).

In *Mulherin,* supra, p. 224, the charge included " 'a reckless representation of facts as true which the other party may not know to be false if intended to deceive is equivalent to actual knowledge of the fault representation made.' " That identical charge was requested by Clark and included in the trial court's charge in this case.

2. On attorney fees, Clark's only citation of authority is Code Ann. § 105-2002, following his statement that "In order to obtain punitive damages and attorney fees in a tort, there must be aggravating circumstances." Code Ann. § 20-1404 provides: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." See *A. W. Easter Const. Co. v. White,* 137 Ga. App. 465 (1) (224 SE2d 112) (1976). Clark requested that Code Ann. § 20-1404 be included in the trial court's charge, and that was done.

When the plaintiff produces some evidence of "bad faith" the recovery of attorney fees may properly be submitted to the jury as an additional element of damages. "The bad faith referred to in Code § 20-1404, means bad faith in the transaction out of which the cause of action arose. *O'Neal v. Spivey,* 167 Ga. 176 (3) (145 SE 71); *Grant v. Hart,* 197 Ga. 662, 672 (30 SE2d 271). Complaint is made not only of defendant's failure to pay him or correct the deficiency, but also for the fraud practiced on plaintiff in constructing the house using defective mortar. Thus it is alleged that bad faith arose out of the transaction." *Thibadeau Co. v. McMillan,* 132 Ga. App. 842 (2) (209 SE2d 236) (1974).

We find no error, and there was evidence to support the verdict.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED
SEPTEMBER 20, 1977.

*Fredericks, Jones & Wilburn, Jimmy W. Jones,* for appellant.

*Downey, Cleveland & Moore, John H. Moore,* for appellee.