58283. GRINDLE et al. v. EUBANKS et al.

McMURRAY, Presiding Judge.

This case involves a suit for damages brought by two plaintiffs against two defendants seeking $10,000 arising out of a motor vehicle collision occurring on April 11, 1978. The suit was filed on June 6, 1978. The defendants jointly answered and counterclaimed on July 26, 1978, raising certain defenses, admitting jurisdiction, the collision of the vehicles characterized as "subject accident," but denying all liability and asking in the counterclaim for damages in the amount of $1,000 for one defendant, and $5,000 for the other.

No discovery was had in the case, but shortly after September 20, 1978, the case was placed upon the calendar for civil trials to be called in their regular order,

notice of which provided that the cases would be assigned for trial and would be called in their regular order on Friday, September 29, 1978, at 2:30 p.m. in the courthouse. The cases would then be assigned for trial and set for trial on a day certain during two weeks beginning October 9, 1978. This notice further stated that any case on this calendar not tried during the week of October 9, 1978, "may be tried during an added week of civil jury trials beginning October 16, 1978." The notice also stated that no case would be continued without a legal showing. The calendar call scheduled for September 29, 1978, was cancelled by a letter from the trial judge dated September 25, 1978, and providing that the call would not be held but that in lieu of having a calendar call, all counsel with cases on the aforesaid notice and calendar were directed to call the judge's office and to notify that office whether counsel were ready for trial during the weeks of October 9 and 16, 1978, so that a trial calendar for the weeks of October 9 and 16 could be made up and the cases ready for trial.

Counsel for the defendants contend that upon receipt of the letter from the trial judge they attempted to reach the opposing counsel by telephone in order to have an agreement that the case should not be tried since they felt discovery was still necessary, no pretrial memoranda or conference had been held, and the case was relatively new and quite far down on the list of cases pending. Being unable to reach opposing counsel by telephone, counsel contend they called the judge's office and announced to the judge's secretary that the case was not ready for trial, feeling sure that it was agreeable with opposing counsel that the case be continued. Following this, a letter was written to opposing counsel dated September 27, 1978, advising of this information and hoping that a continuance would meet the approval of opposing counsel. Counsel for the defendants contend that there was no further notice received by counsel that the case would be set for trial during the weeks of October 9 or 16, either from the judge's office or from the office of the clerk of the superior court, or from opposing counsel.

The case was tried before a jury, and a verdict was rendered on October 19, 1978. Neither the defendants nor defendants' counsel were present at the trial. A jury was

duly struck and evidence presented. The jury then returned a verdict in the amount of $10,000 for the plaintiffs. A judgment was thereafter entered in this amount.

Thereafter defendants filed a motion to set aside the judgment and for a new trial. After a hearing in which evidence was introduced, as well as argument, the trial court denied the motion. The defendants appeal. *Held:*

1. Cases may be assigned for trial by the trial court by placing it upon the trial calendar "without request of the parties but upon notice to the parties." Code Ann. § 81A-140 (c) (Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245; 1968, pp. 1104, 1108; 1976, p. 1677). Some notices by publication have been held sufficient notice by our Supreme Court. See *McNally v. Stonehenge, Inc.,* 242 Ga. 258 (248 SE2d 653); *Spyropoulos v. John Linard Estate,* 243 Ga. 518, 519 (255 SE2d 40). But the trial court must exercise its discretion in determining "whether under all the circumstances of the case" a judgment should be set aside where obtained in the absence of the party or his counsel who contends he had no knowledge of the publication of the calendar or other notice of the calendar. See *Spyropoulos v. John Linard Estate,* 243 Ga. 518, 519, supra. Indeed, the general rule is that a party or his counsel is chargeable "with notice that his case, when ripe for trial, may be called for trial at any time during a term of court and even out of its regular order on the docket, in the court's discretion" provided it is placed on a calendar duly prepared and notice given of same. *Williams v. Linn,* 108 Ga. App. 629, 633 (3) (133 SE2d 892); *Spyropoulos v. John Linard Estate,* 243 Ga. 518, supra.

Here the case was placed on a calendar to be called on a certain date for assignment for trial during a two week period. A modification was then made for counsel to advise whether they were ready for trial during the weeks of October 9 and October 16, 1978. Counsel therefore admit they had notice and were well aware that the case was on the calendar. The trial court did not err in calling the case for trial regardless of the absence of defendants' counsel.

2. The local rules of this superior court seemingly provide that "any case may be placed on any civil trial

calendar without a pre-trial by order of the Court at any time by agreement of the parties and with consent of the Court." There seems to be an issue of fact here as to whether a certified copy of the court rules is absolutely correct, or, as the Court stated during the motion for new trial hearing that a semi-colon should have followed the word "Court" so as to provide that the rule conform to Code Ann. § 81A-140 (c), supra, which provides two methods of placing a case on the calendar. The statute (Code Ann. § 81A-140 (c), supra) provides that the trial court, without request of the parties but upon notice to the parties, shall place a case upon the trial calendar, or a case might also be placed upon the calendar upon request of a party and notice to the other party. In the absence of any inserted semi-colon after the word "Court" Rule 10.10 referred to here merely provided that any case could be placed on the trial calendar by the court "without a pre-trial," and this could only be done "at any time by agreement of the parties." It is doubtful if the rule is in conflict with the Civil Practice Act (Code Ann. § 81A-140 (c), supra). But, if a local rule is in conflict with the statute, the statute controls. The trial court having placed the case on a calendar with notice to the parties as required by statute, it was ripe for trial notwithstanding any rule stating that it could not be placed on a trial calendar "without a pre-trial."

3. Rule 58 of the superior courts reads as follows: "In striking juries, . . .if either party shall fail to strike, by such failure he shall forfeit a strike; and if more than 12 jurors remain upon the jury list the first 12 not stricken shall constitute the jury." Code Ann. § 24-3358. In the case sub judice 24 jurors' names were presented to plaintiffs' counsel at the trial of this case, that is, as testified to by the deputy clerk present in the courtroom. These were jurors with numbers 68 through 95 with "numbers 81, 82, 83, and 91" stricken as "part of a jury from another trial." The deputy clerk then testified that 12 names ("68, 70, 71, 72, 75, 76, 77, 79, 88, 92, 94, and 95") were stricken when the list of 24 jurors was returned to him after it was presented to counsel for the plaintiffs, that is, "went from me to the bailiff . . . and when it came back, there were twelve strikes." Counsel for plaintiffs

testified he had no recollection of exercising "other than six strikes in this case," and that he struck numbers "68," "71," "72," "Linda D. Long" — number 76, and "Shannon Canupp" — number 95, and perhaps one other. Yet the clerk's testimony is that in addition, jurors numbered "70," "75," "77," "79," "88," "92," and "94," which could include the sixth strike of plaintiffs, were all stricken. He was then asked if jurors numbered "69, 73, 74, 78, 80, 84, 85, 86, 87, 89, 90 and 93, [were] called as [the twelve] jurors in the case?" To this question he replied, "Yes, sir." Clearly, someone, although it may not have been counsel for plaintiffs, struck six other jurors from the list other than counsel for the defendants, who were absent and not present and not entitled to any strikes, so as to give the opposing party 12 strikes when plaintiffs were only entitled to six. See Code Ann. §§ 24-3358, supra, 59-703 (b) and 59-704 (b) (Ga. L. 1975, pp. 1331, 1332); *National Upholstery Co. v. Padgett,* 111 Ga. App. 842 (1), 844 (143 SE2d 494). As each side would have been entitled to six strikes and defendants' counsel were absent and failed to strike, having forfeited the right to strike, "the first 12 not stricken shall constitute the jury," and this did not occur here as the first 12 would have been a different jury almost entirely from that chosen. See *Cohen v. Cohen,* 140 Ga. 398, 399 (78 SE 841). Therefore, the trial court erred in denying the motion for new trial as error was shown in the striking of the jury. Ordinarily error is presumed to be harmful unless it appears to have no effect. *Battle v. Royster Guano Co.,* 155 Ga. 322 (3) (118 SE 343); *Lively v. Thompson,* 88 Ga. App. 31, 35 (75 SE2d 846); *Rogers v. Johnson,* 94 Ga. App. 666, 682 (96 SE2d 285). We simply cannot say that the picking of any 12 jurors would be harmless and particularly so since counsel for the plaintiffs merely testified that he had no recollection of exercising more than six strikes.

*Judgment reversed. Banke and Underwood, JJ., concur in the judgment only.*

ARGUED SEPTEMBER 24, 1979 — DECIDED OCTOBER 25, 1979.

*E. Davison Burch, Gary Blasingame,* for appellants.

*John N. Crudup,* for appellees.