### 36727. STROUD v. ELIAS et al.

PER CURIAM.

This appeal arises on certiorari to the Court of Appeals to review an affirmance by that court pursuant to its Rule 36. See *Stroud v. Elias,* 155 Ga. App. 445 (271 SE2d 240) (1980).

Respondents filed suit against petitioner for the breach of a lease agreement alleging that petitioner had failed to deliver possession of the premises. Respondents prayed for actual and punitive damages as a result of petitioner's breach of contract.

Petitioner filed a timely answer and counterclaim. Respondents demanded a jury trial. Petitioner and his counsel inadvertently failed to appear at the trial, and his answer and counterclaim were stricken pursuant to respondents' motion to strike. Respondents presented their case on damages to a jury and were awarded $8,650 actual damages and $30,000 in punitive damages, the full amount of their prayer. This was made the judgment of the court. No transcript of this trial was made.

Petitioner filed a motion for new trial and a motion to set aside the judgment two days later. Following the denial of these motions, petitioner appealed directly to the Court of Appeals. The Court of Appeals affirmed the judgment without opinion.

The question we are concerned with on certiorari is whether a "new or additional claim for relief" as provided for in Code Ann. § 81A-105 (a) can be raised at trial as an "issue" pursuant to Code Ann. § 81A-115 (b) thus allowing an appellate court, without a transcript, to assume that evidence was offered at the trial authorizing the damages awarded by the jury.

1. At the heart of petitioner's argument is the following code

section: "Exemplary damages can never be allowed in cases arising on contracts." Code Ann. § 20-1405.

Petitioner contends that respondents would have necessarily had to have made out a case in tort to recover punitive damages and that such additional or new tort claim would have had to have been served on him pursuant to Code Ann. § 81A-105 (a) even though he was in default. We agree and reverse.

Code Ann. § 81A-105 (a), requiring service of "new or additional claims" on a defendant in default is based on notions of fairness. 2 Moore's Federal Practice Par. 5.05, 1338. "Hence, if the defendant fails to appear *and the plaintiff amends his complaint,* by inserting a new or an additional claim for relief, a copy of the amended complaint *must* be served in the same manner as a summons." Id. (Emphasis supplied.)

Code Ann. § 81A-115 (b) would allow amendment of the pleadings to conform to the evidence presented at trial if an issue was tried by the express or implied consent of the parties. "Express consent may be found in a stipulation or pre-trial order. Implied consent usually is found where one party raises an issue material to the other party's case, or where evidence is introduced without objection." 3 Moore's Federal Practice Par. 15.13[2], 15-174-175. Accord, *Carreras v. Austell Box Board Corp.,* 154 Ga. App. 135 (267 SE2d 792) (1980).

Absent express or implied consent to the trial of an issue not contained in the pleadings, an amendment must be served on the opposite party pursuant to Code Ann. § 81A-105 (a). The question then becomes whether a defendant in default and not present at the trial of the case can be held to have "consented" to the amendment of the pleadings to conform to the evidence presented in his or her absence.

In *Lambert v. Gilmer,* 228 Ga. 774 (187 SE2d 855) (1972), wife had sued husband for divorce. Husband filed no defense. Wife was granted a divorce and alimony. This court upheld the dismissal of a contempt citation sought against husband for failure to pay alimony as provided by the default judgment. The opinion set out the provisions of Code Ann. § 81A-115 (b) and § 81A-154 (c), and held as follows: "Code Ann. § 81A-115 would not be applicable in the present case, since the husband had no notice that the issue of alimony would be tried *and gave no express or implied consent that the issue of alimony be tried.* Code Ann. § 81A-154 (c) provides specifically that the court shall not give the successful party relief where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief. The wife's right to alimony was not 'litigated' where the husband had no notice by her

pleading that she would claim alimony, and he did not defend the action." (Emphasis supplied.) 228 Ga. at 775. *Lambert* goes on to provide that the spirit of Code Ann. § 81A-105 (a) requires that written notice be given a party in default before an additional claim can be demanded. The idea is that the defendant must be given his day in court as to each issue established by the complaint or an amendment thereto, but that his opportunity to litigate those specific issues may be lost by his default. See *Robinson-Shamburger, Inc. v. Tenney,* 135 Ga. App. 131, 134 (217 SE2d 184) (1975).

" 'A judgment by default properly entered against parties sui juris operates as an admission by the defendant of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law, and facts not well pleaded and forced inferences are not admitted by a default judgment.' " *Summerour v. Medlin,* 48 Ga. App. 403, 407 (172 SE 836) (1933), quoting from North American Accident Ins. Co. v. Moreland, 60 Fla. 153 (53 S 635). The failure to answer or to appear at trial serves as an admission of the facts alleged in the complaint, but not of the conclusions of law contained therein.

So far as this petitioner is concerned, he was put on notice that respondents considered their contract with him breached as a result of his failure to deliver possession of the premises to them, and that they suffered embarrassment, inconvenience, and unnecessary expense as a result of the alleged acts of petitioner. These facts are admitted as true by virtue of petitioner's default. These admitted facts do not, however, correctly give rise to the conclusion of law that respondents are entitled to punitive damages.

We hold then that in this particular case, respondents would either have had to allege sufficient additional facts in their original complaint to have made out a case in tort (e.g., a case of fraud) so as to authorize the recovery of punitive damages, or they would have had to serve petitioner pursuant to Code Ann. § 81A-105 (b) with an amendment setting out a case in tort as is required by Code Ann. § 81A-105 (a). The record affirmatively shows that neither was done, and we accordingly reverse the award of $30,000 in punitive damages.

What has been said so far in this opinion necessarily overrules Division 2 of the recent Court of Appeals opinion in *Randall & Blakely v. Krantz,* 155 Ga. App. 238 (270 SE2d 265) (1980).

2. Petitioner complains that one respondent, Turner, should not be allowed to recover against him as he was not a signatory to the lease sued upon, nor do the facts alleged within the complaint demonstrate any relationship on which Turner might have established any right of recovery regarding the subject transaction of

194

this lawsuit. A copy of the lease, signed by only two of the three respondents and petitioner, was attached to the complaint and made a part thereof.

We note here, as noted in Division 1, that a default on the part of the defendant serving to eliminate his answer to the complaint admits only the well-pleaded allegations of the complaint and the fair inferences and conclusions of fact to be drawn therefrom. Reviewing this complaint, we conclude that it affirmatively shows that no claim *in fact* existed which could allow Turner to recover from petitioner. A motion to set aside the judgment will lie if the pleadings affirmatively show that no claim in fact existed. Code Ann. § 81A-160 (d).

The judgment must be set aside as to Turner. As the actual damages awarded to all three respondents cannot be divided between Mrs. Elias and Mrs. Jackson, the case must be retried to determine the amount of actual damages due those two respondents as a result of petitioner's admitted breach of contract.

*Judgment reversed. All the Justices concur, except Smith, J., disqualified. Gregory, J., not participating.*

DECIDED FEBRUARY 24, 1981.

Harvey, Willard, Elliott & Olsen, Wendell K. Willard, Trotter, Bondurant, Miller & Hishon, Jeffrey M. Smith, Richard L. Shackelford, for appellant.
*Murray M. Silver,* for appellees.