63780. MILES et al. v. EDGEWOOD CHENILLE, INC.

BANKE , Judge.

We granted appellants' application for interlocutory appeal from an order of the trial court denying his motion for leave to file a motion for summary judgment. The trial court's ruling was based upon a local court rule governing civil cases in the Lookout Mountain Judicial Circuit which presents an apparent conflict with the Civil Practice Act. Local Rule 4 provides that "ALL pre-trial motions including motions for summary judgment must be filed within four months from the date defensive pleadings are filed in the case. All such motions shall be heard by the court not later than the day set for pretrial hearing, or as soon thereafter as the court can hear the same. Motions filed subsequent to the date of pretrial hearings shall be deemed to have been filed only for the purpose of delay and unless legal cause is shown, a hearing thereon will be deemed waived by the movant." The appellants' motion for summary judgment was filed almost five months from the date the answer was filed and was clearly beyond the time allowed by the local rule. The appellant contends that the rule and the court's order contravene Code Ann. § 81A-156. The appellee, on the other hand, urges that such a limitation is within the inherent power of the court to control the court's business and to provide for the orderly administration of the court's affairs. *Held:*

Code Ann. § 81A-156 (b) provides that "A party against whom a claim, counterclaim, or cross claim is asserted or a declaratory judgment is sought may at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Local practice rules are authorized when not inconsistent with the CPA or other statutes. Code Ann. § 81A-183. However, while "[l]ocal practice rules, and even local statutes referring to specific courts, may control the flow of business, the hearing of cases, etc., . . . [they] . . . may not contravene the substantive framework of the CPA." *Auerback v. Maslia,* 142 Ga. App. 184, 188 (235 SE2d 594) (1977). "[I]f a local rule is in conflict with the statute, the statute controls." *Grindle v. Eubanks,* 152 Ga. App. 58, 61 (262 SE2d 235) (1979).

We recognize and applaud the trial court's desire to deal with dilatory tactics and to promote efficiency in the handling of its cases. To the extent that Local Rule 4 operates to bar motions which are dilatory and made only for purposes of delay, it implements the stated purpose of the CPA "to secure the just, speedy, and inexpensive determination of every action." Code Ann. § 81A-101. However, the determination of whether a motion has been filed for the purpose of delay must of necessity rest in the sound discretion of the trial court. Arguably, the local rule confers such discretion upon the trial court with regard to motions filed subsequent to the date of pretrial hearings, a circumstance not in issue here. However, no such reading is possible concerning the 4-month time limitation, nor is such an interpretation argued for in the briefs of counsel. Instead, the uncontested facts suggest that the time limitation alone dictated the trial court's order. Those facts show that the appellant timely filed his answer on April 13, 1981, filed interrogatories on May 15, 1981, and received responses on July 9, 1981. On July 28, 1981, he filed notice to take the deposition of one of appellee's officers, and the next day the appellee filed notice to depose the appellant. After a disagreement between the parties concerning the order of examination was resolved, the depositions were taken on August 18, 1981. The appellant received the transcripts on August 27, 1981, some nine days beyond the time allowed by the local rule in which to file a motion for summary judgment, which he filed 13 days later. The appellant contends that the basis for his motion for summary judgment was provided by the transcripts. In any event, on these facts it is difficult for us to conclude that the appellant employed dilatory tactics or that his motion was made for purposes of delay. The wording of Local Rule 4 coupled with the facts discussed above suggests that the trial court exercised no discretion in its invocation of the 4-month rule. Such a rule presents a conflict with the CPA and

must be reversed. We do not wish to discourage the use of proper rules which promote efficient court management and which discourage dilatory tactics and maneuvers made solely for purpose of delay. Local Rule 4 might have withstood attack had it given the movant the opportunity to show that the delay was excusable. As written and as applied in this case, however, it cannot be reconciled with Code Ann. § 81A-156 (b).

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 20, 1982.

*Joe E. Manuel,* for appellants.
*Clifton M. Patty, Jr.,* for appellee.