66349. HULSEY POOL COMPANY, INC. et al. v. TROUTMAN et al.

QUILLIAN, Presiding Judge.

The plaintiff homeowners brought this action in the State Court of Cobb County against Hulsey Pool Co., Inc. and Max Hulsey. The complaint alleged that the plaintiffs contracted with the defendants to construct a swimming pool on the premises of the plaintiffs; that the pool as purportedly completed contained latent defects which diminished the value of such pool; that as a part of the contract the defendants warranted the pool against defective workmanship and materials for a period of one year. The complaint further averred that the defendants constructed the pool with latent defects and with inferior and substandard materials and workmanship.

The defendants were alleged to have acted fraudulently in that they knew of the defects but represented the work had been accomplished in accordance with the contract and in a workmanlike manner when they knew such representations were false. Further, the defendants concealed such facts from the plaintiffs and represented that the pool construction was complete in accordance with the contract; that the plaintiffs relied on the representations made by the defendants and paid the full contract price. The plaintiffs did not know of and could not have discovered the defects in the exercise of ordinary care.

The defendants were alleged to have breached their contract and the express warranty which was a part thereof. They were also alleged to have acted deliberately and intentionally by misrepresenting, failing to disclose and concealing the substandard quality of their work and by failing to correct the defects on demand; moreover, they acted in bad faith by attempting to defraud plaintiffs by concealing known and existing latent defects, by making false and fraudulent misrepresentations, and by wilfully breaching their express warranty to the plaintiffs. According to the allegations of the complaint, these acts constituted serious, aggravating circumstances entitling the plaintiffs to recover exemplary damages and since the defendants were stubbornly litigious and put the plaintiffs to unnecessary trouble and expense, the plaintiffs are also entitled to expenses of litigation, including attorney fees.

The plaintiffs prayed for actual and general damages in the amount of $3,000 and $5,000 respectively, $10,000 punitive damages, and expenses of litigation, including reasonable attorney fees.

The defendants failed to answer the complaint; the case went into default and a non-jury trial was had as to the damages. The trial judge entered a judgment finding for the plaintiffs $2,025 actual damages, $5,000 general damages, $5,000 punitive damages, and $1,080 attorney fees plus $40 costs. The defendants then appeared and filed a motion for new trial which was based on the grounds that the defendants received no notice of the trial, that the judgment was excessive and was procured by fraud. At the hearing on the motion the defendants urged that they were required to be given notice of the trial on the question of damages since a State Court of Cobb Rule provides that the court may "specially set cases . . . upon reasonable notice to the parties." The trial judge overruled the motion based upon OCGA § 9-11-5 (a) (at that time Code Ann. § 81A-105 (a)) which provides: "the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial, and all service in the action . . ."

The defendants appeal and contend: 1) that they were entitled to notice under the Court Rule of the State Court of Cobb; 2) that general and punitive damages should not be permitted since this was a contract case and such damages are permitted only in action sounding in tort. *Held:*

1. In ruling upon the applicability of the State Court of Cobb Rule, the trial judge found that if there was any conflict in the Rule and the general law as expressed in what is now OCGA § 9-11-5 (a) (Code Ann. § 81A-105), then the Rule must yield to the paramount law.

Since the code section not only does not require notice, but expressly deems such notice to be waived by a failure to file pleadings, the Cobb Court Rule would impose an additional burden not required by the general law, to wit — that of giving notice. See *Murray Constr. Co. v. Tuxedo &c. Co.,* 149 Ga. App. 101, 103 (253 SE2d 465). Hence, the trial judge correctly found the general law to be controlling. *Newell Road Builders v. Ramirez,* 126 Ga. App. 850, 852 (192 SE2d 184); *Auerback v. Maslia,* 142 Ga. App. 184, 187 (6) (235 SE2d 594); *Grindle v. Eubanks,* 152 Ga. App. 58, 61 (262 SE2d 235); *Miles v. Edgewood Chenille, Inc.,* 162 Ga. App. 168, 169 (290 SE2d 494).

2. We find no merit in the argument by defendants that recovery of general and punitive damages was unauthorized.

First of all there is no transcript of the trial. Therefore, we may

assume the evidence authorized the damages awarded if the complaint properly alleged the basis for the recovery of such damages. The case of *Stroud v. Elias*, 247 Ga. 191, 193 (275 SE2d 46) holds: " ' "A judgment by default properly entered against parties sui juris operates as an admission by the defendant of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations of the declaration. Conclusions of law, and facts not well pleaded and forced inferences are not admitted by a default judgment." ' . . . The failure to answer or to appear at trial serves as an admission of the facts alleged in the complaint, but not of the conclusions of law contained therein." (Citations omitted.) In that case the plaintiff sought and obtained recovery of exemplary or punitive damages. The court recognized that such damages are not recoverable in a contract action but only in one sounding in tort. In that case the complaint sought recovery for breach of a lease agreement (contract) and the court noted an absence of the necessary allegations to establish fraud (a tort). The Supreme Court therefore found: ". . . respondents would either have had to allege sufficient additional facts in their original complaint to have made out a case in tort (e.g., a case of fraud) so as to authorize the recovery of punitive damages, or they would have had to serve petitioner pursuant to Code Ann. § 81A-105 (b) with an amendment setting out a case in tort as is required by Code Ann. § 81A-105 (a)." *Stroud v. Elias*, 247 Ga. 191, 193, supra.

In the case sub judice, although the action arose out of contract, the complaint alleges material misrepresentations made with intent to deceive, which constitutes legal fraud — tortious conduct — which furnishes a basis for recovery of punitive damages. *W. H. Mulherin Constr. Co. v. Betterton*, 135 Ga. App. 223 (1) (217 SE2d 454); *Clark v. Aenchbacher*, 143 Ga. App. 282 (238 SE2d 442); *Four Oaks Properties v. Carusi*, 156 Ga. App. 422 (274 SE2d 783).

The argument by counsel for defendants that these cases are distinguishable as involving fraud in the inception is not sustained by an examination of the cases which involve contracts of construction and sale and are therefore virtually identical in principle to the present case.

The instant complaint being replete with allegations of fraud, *Stroud v. Elias*, 247 Ga. 191, supra, does not mandate a reversal.

*Judgment affirmed. Pope, J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED JUNE 28, 1983.

*William E. Otwell,* for appellants.

*J. Ralph McClelland III,* for appellees.