69575. YARBROUGH et al. v. ESTATE OF YARBROUGH et al.
(326 SE2d 517)

BANKE, Chief Judge.

Leila Yarbrough was formerly married to James E. Yarbrough III, now deceased; however, that marriage ended in divorce in June of 1974. Pursuant to a separation agreement incorporated into their divorce decree, Mr. Yarbrough was obligated to maintain certain life insurance coverage for Leila's benefit, as trustee for their two minor children. Mr. Yarbrough subsequently married appellee Sara Yarbrough and moved with her from Georgia to Colorado. He died a resident of Colorado in February of 1982, apparently without the benefit of any life insurance coverage in Leila's favor.

Leila and her two children brought this suit for damages against Sara Yarbrough,[1] individually and in her capacity as executrix of Mr. Yarbrough's estate, based on allegations that Sara had converted the estate's assets to her own use, misrepresented after Mr. Yarbrough's death that the estate had no assets, and conspired with Mr. Yarbrough during his life to deplete the estate of its assets and thereby defeat enforcement of the divorce decree. Personal jurisdiction was predicated on the provisions of this state's "long-arm" statute allowing the exercise of jurisdiction over non-residents who have committed tortious acts or caused tortious injuries here. This appeal is from the grant of Sara Yarbrough's motion to dismiss for lack of jurisdiction. *Held:*

Pursuant to OCGA § 9-10-91 (2) and (3), "[a] court of this state may exercise personal jurisdiction over any nonresident or his execu-

---

[1] The Yarbrough estate was also named as a defendant, notwithstanding that an estate is not a legal entity capable of being sued. See *Orange County Trust Co. v. Takowsky's Estate,* 119 Ga. App. 366, 367 (166 SE2d 913) (1969). See also *Block v. Voyager Life Ins. Co.,* 251 Ga. 162 (1) (303 SE2d 742) (1983).

tor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent he: . . . (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; [or] (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state . . ."

In *Clarkson Power Flow, Inc. v. Thompson*, 244 Ga. 300, 301, 302 (260 SE2d 9) (1979), the Georgia Supreme Court construed the reach of these two subsections to be identical, holding as follows: "[L]imitations similar to those present in subsection [3] are constitutionally mandated under subsection [2]. A nonresident defendant is subject to the jurisdiction of the Georgia courts only if he has established 'minimum contacts' in this state so that the exercise of jurisdiction is consistent with ' "traditional notions of fair play and substantial justice." ' *International Shoe Co. v. Washington*, 326 U. S. 310, 316 (1945) (Cits.) We thus conclude that there is no essential difference between subsections [2] and [3]."

The appellee's alleged conversion of the estate's assets to her own use and her alleged conspiracy with Mr. Yarbrough to defeat the appellants' rights under the divorce decree were not alleged to have taken place in this state, nor was any of the property involved alleged to have been located in this state at the time the alleged misconduct occurred. Consequently, we find these allegations to be insufficient to support the exercise of long-arm jurisdiction over the appellee. See generally *Shellenberger v. Tanner*, 138 Ga. App. 399, 407 (227 SE2d 266) (1976). Compare *Value Engineering Co. v. Gisell*, 140 Ga. App. 44, 47-48 (230 SE2d 29) (1976), authorizing the exercise of long-arm jurisdiction over an out-of-state defendant whose introduction into the stream of commerce of an allegedly defective and dangerous article resulted both in the physical presence of the article in this state and the consequent injury of a resident here. Although the appellee's alleged fraudulent misrepresentation to the appellants that her husband had left no estate was alleged to have taken place in this state, the allegation of fraud was effectively negated by the appellee's unopposed affidavit to the effect that the statement was true. For these reasons, we hold that the trial court was correct in dismissing the complaint for lack of personal jurisdiction.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 17, 1985 —
REHEARING DENIED JANUARY 30, 1985 — 

*Richard N. Hubert, Robert L. Rothman,* for appellants.
*Jack A. Wotton,* for appellees.