70940, 70941. EDELSCHICK et al. v. BLANCHARD;
and vice versa.
(339 SE2d 628)

BENHAM, Judge.

On December 18, 1983, plaintiff F. A. Blanchard entered into a contract with defendants Daniel Edelschick and Shelley Edelschick for the purchase of defendants' home in Gwinnett County, Georgia. After transfer of the property, plaintiff discovered a crack in the marble bathtub which he had not seen during earlier inspections. Plaintiff brought this suit against defendants alleging fraud in the inducement of the contract and seeking $3,000 actual damages, $10,000 punitive damages, and attorney fees. Plaintiff alleged that defendants deliberately hid the defect in the bathtub by using plants and a sealant to obscure visibility of the crack.

The complaint was served on defendant Shelley Edelschick on August 17, 1984, and on defendant Daniel Edelschick on September 21, 1984. On September 11, 1984, prior to service on Daniel, defendants filed a motion for special appearance to contest jurisdiction. After a hearing, the trial court found that defendants were subject to its jurisdiction. On November 1, 1984, defendants filed their joint answer and simultaneously filed a motion for summary judgment. The answer was filed 75 days after service of the complaint on Shelley and 40 days after service of the complaint on Daniel. Defendants paid court

costs on December 13, 1984.

On December 3, 1984, plaintiff filed a "Motion to Strike Defendants' Answer and Motion for Summary Judgment," requesting the court to "(a) strike the Answer and Motion for Summary Judgment of Defendant Shelley and Daniel Edelschick; (b) grant Plaintiff a default judgment against both Defendants as to the issue of liability; and (c) grant Plaintiff such other relief as it deems just." After a hearing the trial court held: "The Defendant Shelley Edelschick's answer not having been timely filed, her answer is hereby dismissed . . . The Defendant Daniel Edelschick's answer is also dismissed due to the fact that it was filed after 30 days but prior to 45 days after service without having paid the costs prior to the filing of the answer . . . Plaintiff's motion for summary judgment is partially granted as to the liability of the Defendants under Count I of Plaintiff's complaint as this Court finds that the facts as stated in the complaint are sufficient for this Court to find liability on the Defendants for damages . . . As to prayers for exemplary damages and attorneys' fees in Counts II and III, this Court does not find sufficient facts stated for this Court to grant a partial motion for summary judgment as to Defendant's liability on those counts." It is from this order that defendants appeal (Case No. 70940) and plaintiff cross-appeals (Case No. 70941).

1. "Since the trial court purported to grant a partial summary judgment, the order is appealable without a certificate for immediate review. [OCGA § 9-11-56 (h)]." *Avis Rent A Car &c. v. Rice*, 132 Ga. App. 857 (1) (209 SE2d 270) (1974).

2. Defendants contend that the trial court erred in exercising personal jurisdiction over defendants.

The complaint alleges that defendants are nonresidents and are subject to jurisdiction under Georgia's Long Arm Statute (OCGA § 9-10-91). This Code section states in pertinent part that "[a] court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he: . . . (2) [c]ommits a tortious act or omission within this state . . . [or] (4) [o]wns, uses, or possesses any real property situated within this state."

Plaintiff presented evidence by way of affidavit alleging that defendants concealed a defect in real property located within this state. This allegation alone is sufficient to sustain jurisdiction under subsection (2) of the Georgia Long Arm Statute. Compare *Yarbrough v. Estate of Yarbrough*, 173 Ga. App. 386 (326 SE2d 517) (1985). Secondly, "under the provision of our Long Arm Statute referring to the ownership, use or possession of Georgia realty, jurisdictional requirements are satisfied when a substantial connection or nexus exists between

the basis of the controversy and the property within this state." *Hart v. DeLowe Partners, Ltd.*, 147 Ga. App. 715 (2B) (250 SE2d 169) (1978). The basis of the controversy in the instant case relates directly to the ownership and sale of real property located within this state. Therefore, we find that a substantial connection with this state existed so as to make the exercise of jurisdiction over the nonresident defendants reasonable. See *Cox v. Long*, 143 Ga. App. 182 (237 SE2d 672) (1977). Therefore, the trial court properly exercised in personam jurisdiction pursuant to subsections (2) and (4) of the Georgia Long Arm Statute.

3. Defendants contend that they were not in default inasmuch as their "Motion for Special Appearance to Contest Jurisdiction" was a general denial, thus constituting an answer within the contemplation of OCGA § 9-11-8. To make a general denial, the pleader must in good faith intend to controvert all averments of the complaint. OCGA § 9-11-8 (b). A review of defendants' motion, "late" answer, and plaintiff's complaint leads to the conclusion that a general denial was precisely what defendants intended. The first three paragraphs of defendants' motion controvert the first three paragraphs of the complaint on the issues of personal jurisdiction, venue, and parties in interest. The fourth paragraph of their motion states: "The Defendant's [sic] have not breached any contract nor committed any tort within the State of Georgia." That language is a general denial of the remaining allegations of plaintiff's complaint, i.e., that defendants did not intentionally and/or fraudulently conceal the alleged defect in the bathtub. The alleged act of concealment being the gravamen of the complaint, plaintiff was thereby put on notice that defendants denied liability. The denials asserted by defendants in their answer, filed after the trial court ruled on the question of jurisdiction, correspond to the general denial made in defendants' motion, with the exception of the admission that plaintiff inspected the house before signing the contract (which admission is only detrimental to plaintiff). The answer merely states, as so many answers do, that defendants deny the remaining allegations of the complaint. Defendants' response in their motion that they did not commit any tort in Georgia is no less acceptable than the denial made in their answer. The assertion made in defendants' motion necessarily includes a denial of intentional or fraudulent concealment.

The objective in adopting the Civil Practice Act and rejecting "issue" pleading was to avoid dismissal on technicalities and to give parties fair notice of claims and/or defenses to be asserted against them; the discovery process was to be used to fill in details. The substance or function of a pleading, rather than its name, should determine its nature. *Bosworth v. Cooney*, 156 Ga. App. 274 (2) (274 SE2d 604) (1980). Since all pleadings shall be so construed as to do substantial

justice (OCGA § 9-11-8 (f)) and serve the best interests of the pleader (*Rodgers v. Ga. Tech Athletic Assn.*, 166 Ga. App. 156 (303 SE2d 467) (2b) (1983)), defendants' motion to contest jurisdiction should have been considered a timely answer in the cause; the other defenses asserted in the answer should be considered an amendment under OCGA § 9-11-15. Since defendants were not in default under the foregoing analysis, we hold that the trial court erred in dismissing defendants' answer and finding defendants liable for actual damages on plaintiff's motion for summary judgment.

4. The trial court did not err in finding that the allegations in the complaint were insufficient to authorize an award of punitive damages and attorney fees. The only defect alleged was a crack in the bathtub which, if it existed at the time of inspection as plaintiff contends, could have been discovered through the exercise of ordinary prudence on his part. Compare *Batey v. Stone*, 127 Ga. App. 81 (192 SE2d 528) (1972), in which the defects concealed from plaintiffs/homebuyers by defendant/builder/seller were improper waterproofing, inadequate and varying thicknesses of the driveway, and other structural defects of a nature such that the buyers could not have discovered them "by the exercise of ordinary prudence and caution." Moreover, plaintiff's affidavit states that had he known about the crack before contracting to purchase the house, he would have required it be fixed at defendants' expense or have required that defendants reduce the house price accordingly, as opposed to foregoing the purchase of the house. Based on our reading of the complaint and affidavit, we agree with the trial court that there are insufficient facts to support a grant of summary judgment as to defendants' liability for fraud, punitive damages, and attorney fees. *Blanchard v. West*, 115 Ga. App. 814 (2) (156 SE2d 164) (1967); OCGA § 51-6-1.

5. Having determined that defendants were not in default and that, therefore, the grant of plaintiff's summary judgment motion as to defendants' liability for actual damages was error, we find no merit in plaintiff's assertion that the trial court's order granting "summary judgment" should be corrected to read "default judgment."

*Judgment affirmed in part and reversed in part in Case No. 70940. Judgment affirmed in Case No. 70941. Banke, C. J., Deen, P. J., Birdsong, P. J., Sognier and Beasley, JJ., concur. McMurray, P. J., Carley and Pope, JJ., dissent.*

McMURRAY, Presiding Judge, dissenting.

1. The majority has concluded that defendants were not in default because their "motion for special appearance to contest jurisdiction" included a general denial. I do not agree.

In order to represent a general denial, the pleader must in good faith intend to controvert all averments of the complaint. OCGA § 9-

10-8 (b). Upon an examination of the defendants' motion, the only language which could conceivably support such a claim is as follows: "The Defendant's [sic] have not breached any contract nor committed any tort within the State of Georgia." This language is directed only to the defendants' motion contesting the trial court's jurisdiction over the defendants. It cannot in good faith be construed as a general denial of all the allegations contained in the plaintiff's complaint. Nowhere in the motion did the defendants deny intentionally concealing the defect in the bathtub. See *Cato Oil & Grease Co. v. Lewis*, 250 Ga. 24, 26 (3) (295 SE2d 527); and 35 Mer. L. Rev. 334.

2. The defendants argue that the trial court's refusal to open default was erroneous. In its order the trial court held: "As to the Defendants' oral motion wherein the Defendants were seeking to allow the defaults to be opened, this Court finds that the Defendants have failed to show providential cause or excusable neglect and, furthermore, the Defendants have failed to show facts to support a discretionary determination by this Court that the default should be opened. Defendants' oral motion to open default is denied." I have examined the record and would find that it is void of any showing of excusable neglect or providential cause which prevented defendants from timely filing an answer or opening default as a matter of right. See 35 Mer. L. Rev. 334-336. Therefore, I would hold that the trial court did not abuse its discretion in refusing to open default. See *Cato Oil & Grease Co. v. Lewis*, 250 Ga. 24, 26 (4), supra. Compare *Houston v. Lowes of Savannah, Inc.*, 136 Ga. App. 781 (222 SE2d 209).

3. The defendants argue that they are entitled to have the default judgment set aside because the trial court entered default prior to ruling on their pending motion for summary judgment.

In its order the trial court held that "[a]s the Defendants' answers have been stricken and both Defendants are in default, this Court would not be authorized to consider the Defendants' motion for summary judgment."

I recognize that "it is error to grant a motion for a default judgment prior to ruling on a *timely*, pending motion . . . for summary judgment." See *Cato Oil & Grease Co. v. Lewis*, 250 Ga. 24, 25 (2), supra. However, in the case sub judice, no pending motion for summary judgment was filed prior to the defendants' default. Consequently, the trial court was without jurisdiction to rule on the defendants' untimely motion for summary judgment. See generally *Braselton Bros. v. Better Maid Dairy Prods.*, 110 Ga. App. 515 (139 SE2d 124). I would hold that the trial court did not err in refusing to rule on the defendants' motion for summary judgment.

4. In the defendants' final enumeration of error and in all of the enumerations of error raised by the plaintiff in his cross-appeal, the

parties question the validity of that part of the trial court's order entering "partial summary judgment" as to liability. In this regard, the trial court limited the defendants' liability to actual damages finding that the allegations in the plaintiff's complaint were insufficient to authorize an award of punitive damages or attorney fees. I do not agree.

In cases involving default judgment, punitive damages and attorney fees may properly be submitted to the jury as additional elements of damages when the complaint states sufficient facts to sustain an action for fraud (tortious conduct). *Clark v. Aenchbacher*, 143 Ga. App. 282, 284 (1), 285 (2) (238 SE2d 442); *Hulsey Pool Co. v. Troutman*, 167 Ga. App. 192, 193 (2) (306 SE2d 83). See *Stroud v. Elias*, 247 Ga. 191 (275 SE2d 46).

In the case sub judice, the plaintiff alleged in his complaint that the defendants deliberately concealed a material defect in the subject property in order to induce the plaintiff to enter into the sales contract. These allegations are sufficient to sustain an action for fraud. " 'Concealment of material facts may amount to fraud . . . where the concealment is of intrinsic qualities of the article which the other party by the exercise of ordinary prudence and caution could not discover . . . and misrepresentation may be perpetuated by acts as well as words, and by artifices designed to mislead.' *Batey v. Stone*, 127 Ga. App. 81, 82 (192 SE2d 528) (1972)." *Clark v. Aenchbacher*, 143 Ga. App. 282, 284 (1), supra.

Since the plaintiff alleged sufficient facts to sustain an action for fraud, I would hold that the trial court erred in limiting the defendants' liability to actual damages. Consequently, I would direct the trial court to additionally enter default against the defendants with regard to liability for punitive damages and attorney fees.

For the above stated reasons I respectfully dissent.

I am authorized to state that Judge Pope concurs in this dissent and that Judge Carley concurs in Divisions 1, 2 and 3 of this dissent.

DECIDED DECEMBER 5, 1985 —
REHEARING DISMISSED DECEMBER 20, 1985.

*Robert S. Devins*, for appellants.
*John W. Gibson, Michael J. King*, for appellee.