**Harry SIMMONS, II., Plaintiff,**

v.

**TAYLOR CHILDRE CHEVROLET–PONTIAC, INC., Defendant.**

**Civ. A. No. 85–89–ALB–AMER.**

United States District Court,
M.D. Georgia,
Albany-Americus Division.

March 4, 1986.

---

**1.** Nor is there subject matter jurisdiction here   under 28 U.S.C. § 1332.

C. Nathan Davis, Albany, Ga., for plaintiff.

Clarence A. Miller, Sylvester, Ga., Dawn G. Benson, Albany, Ga., for defendant.

FITZPATRICK, District Judge:

This is an action under the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act (hereinafter "Magnuson-Moss" or "the Act"), 15 U.S.C.A. §§ 2301–2312 (1982), as well as the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10–1–370 *et seq.* (1982). Presently before this court is defendant's motion to dismiss on the grounds that: (1) plaintiff has not made a claim under Magnuson-Moss which would confer federal jurisdiction, and (2) plaintiff has not met the $50,000 amount-in-controversy requirement of Magnuson-Moss. There is no allegation that this

court has jurisdiction by virtue of diversity of citizenship of the parties.

Briefly, the plaintiff alleges he purchased a new 1984 Chevrolet automobile from defendant on May 12, 1984, for $15,414. After numerous difficulties with the car the plaintiff decided to trade it for another, only to learn that his new car had been repainted extensively and that there was overspray, which occurred prior to his purchase. Plaintiff alleges that the defendant knew or should have known of the repainting and overspray and fraudulently failed to disclose to plaintiff that the vehicle had been damaged and/or wrecked. Plaintiff seeks actual damages in the sum of $15,414, the purchase price of the automobile. Additionally, plaintiff seeks punitive damages "in excess of" $50,000.

## I.

■ The plaintiff has not made a claim under the provisions of the Magnuson-Moss Act. The Seventh Circuit has held that the Act creates "a federal private cause of action for consumers injured by the violation of (1) any obligation under the Act, (2) any warranty subject to the extensive regulatory requirements of the Act, or (3) any implied warranty—the deceptive and unconscionable limitation of which was a major focus of the Act's regulatory provisions." *Skelton v. General Motors Corp.*, 660 F.2d 311, 320 (7th Cir.1981), *cert. denied*, 456 U.S. 974, 102 S.Ct. 2238, 72 L.Ed.2d 848 (1982).

Plaintiff has not alleged violation of any substantive provision of the Act, nor of any implied warranty. It is the plaintiff's position that the designation "new" on defendant seller's invoice is the warranty subject to the Act. (A copy of the invoice in question, which also contains a "disclaimer", is attached hereto as Appendix 1.) The description of the vehicle as "new" may become an express warranty under the Uniform Commercial Code, the breach of which would be actionable under state law. However, the definition of "written warranty" actionable under Magnuson-Moss is narrower. Section 2301(6) of the Act defines a written warranty as:

(A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or

(B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking,

which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.

Although no Fifth or Eleventh Circuit opinion has been found, the Seventh Circuit has specifically rejected the argument that the Act was intended to create a federal cause of action for breach of all written express warranties. 660 F.2d at 316. Section 2301(6) provides that "a written affirmation of fact or a written promise of a specified level of performance must relate to a specified period of time in order to be considered a 'written warranty.'" *Id.* at 316, n. 7 (citing the FTC interpretation of the statute). The court is guided further by the principle that "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir.1984) (citations omitted).

"One of the prime concerns addressed in the Act was the warranty wherein the large print giveth but the small print taketh away." *Gorman v. Saf-T-Mate, Inc.*, 513 F.Supp. 1028, 1035 (N.D.Ind.1981). Clearly, this is not such a case. Nothing in the seller's invoice, the only writing defendant itself extended to plaintiff, comes within the Magnuson-Moss definition of "written warranty."

## II.

■ Even assuming plaintiff has made a claim under the provisions of the Act, plaintiff has not met the $50,000 amount in controversy requirement. The Act provides:

(3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection

(A) if the amount in controversy of any individual claim is less than the sum or value of $25;

(B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

(C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C.A. § 2310(d)(3) (1982). A claim for attorney's fees cannot be used to satisfy the jurisdictional amount because attorney's fees are "costs" within the meaning of the section. *Saval v. BL Ltd.,* 710 F.2d 1027, 1032–1033 (4th Cir.1983).

■ Unless punitive damages are counted along with the actual loss claim, the plaintiff cannot satisfy the $50,000 amount-in-controversy requirement. "Punitive damages are recoverable under the MMWA [Magnuson-Moss Warranty Act] for breach of warranty only if they may be recovered in a breach of warranty action brought under the governing state law." *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1069 (5th Cir.1984) (citations omitted).

In *Boelens,* the Fifth Circuit held that Magnuson-Moss does not create a federal cause of action for personal injury damages based solely on a breach of warranty. *Id.* at 1066. In its analysis, the court reviewed the legislative history of the Act and pointed out that one of the main purposes of the Act was to create effective remedies for consumers with small claims for which a remedy might not otherwise exist. "The legislative history ... suggests that congress believed that most actions brought under the MMWA would in fact be class actions." *Id.* at 1067, n. 14. (Section 2310(d)(3)(B) allows the claims of consumers to be aggregated in a class action to satisfy the $50,000 amount-in-controversy requirement. Each individual claim, however, may not be less than $25. § 2310(d)(3)(A).)

■ It is the law in Georgia that exemplary damages "shall never be allowed in cases arising on contracts." O.C.G.A. § 13–6–10 (1982). An express warranty arises by contract. *Stewart v. Gainesville Glass,* 131 Ga.App. 747, 752, 206 S.E.2d 857, 860 (1974), *aff'd,* 233 Ga. 578, 212 S.E.2d 377 (1975). In his brief, plaintiff states that his claim for fraud and deceit is "separate and distinct" from breach of contract and supports his punitive damages claim. Indeed, under Georgia law the plaintiff must plead an independent cause of action in tort (*e.g.,* a case of fraud) in order to recover punitive damages. *Hulsey Pool Co. v. Troutman,* 167 Ga.App. 192, 194, 306 S.E.2d 83, 85 (1983); *Stroud v. Elias,* 247 Ga. 191, 193, 275 S.E.2d 46, 48 (1981). That independent, or *pendent,* state tort claim cannot be used to confer jurisdiction under Magnuson-Moss. *Boelens* at 1071.

Based upon the foregoing, defendant's Motion to Dismiss is hereby GRANTED.

SO ORDERED, this 4 day of March, 1986.

APPENDIX 1

CAR INVOICE

## TAYLOR CHILDRE CHEVROLET, Inc.
Highway 82 West     Telephone 776-3473
### SYLVESTER, GEORGIA 31791

# 029

SOLD TO: Harry H. Simmons II
ADDRESS  807 Beechwood Dr
         Albany, GA  31707

DATE 5/12/84

SALESMAN:

| MAKE | MODEL | NEW OR USED | M.V.I. / SERIAL NO. | KEY NO. |
|------|-------|------|---------------------|---------|
| Chev. | 84 Monte Carlo | N | 1G1AZ37G5ER198004 | |

| | |
|---|---|
| PRICE OF CAR | 15334.39 |
| OPTIONAL EQUIP. & ACCESS. | |

### INSURANCE COVERAGE INCLUDES

☐ FIRE AND THEFT       ☐ PUBLIC LIABILITY — AMT.
☐ COLLISION — AMT. DEDUCT.   ☐ PROPERTY DAMAGE — AMT.

### OPTIONAL EQUIPMENT AND ACCESSORIES

| GROUP | DESCRIPTION | PRICE |
|-------|-------------|-------|

| | |
|---|---|
| SALES TAX | 79.61 |
| LICENSE AND TITLE | |
| TOTAL CASH PRICE | 15414.00 |

It is understood that legal title to the herein and describe motor vehicle does not pass to said buyer until his or her check given as full or part payment is honored by the bank on which it is drawn.

This vehicle is equipped with a General Motors engine produced in a General Motors plant operated by the ———————————— Division.

| | |
|---|---|
| FINANCING | |
| INSURANCE | |
| TOTAL TIME PRICE | |
| SETTLEMENT: | |
| DEPOSIT | |
| CASH ON DELIVERY | |
| TRADE-IN 83 Ford Bronco | 2069.74 |
| LESS LIEN ACE FCU | 13344.26 |
| TYPE | |
| M.V.I. SER. NO. | |
| PAYMENTS: | |

### DISCLAIMER OF WARRANTIES

Any warranties on the products sold hereby are those made by the manufacturer. The Seller hereby expressly disclaims all warranties, either express or implied, including any implied warranty of merchantability or fitness for a particular purpose, and neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said products.

| | |
|---|---|
| TOTAL | 15414.00 |