**Eleanor A. ROSE, Plaintiff,**

v.

**A & L MOTOR SALES and Nissan Motor Corporation in U.S.A., Defendants.**

**Civ. A. No. 86–2693.**

United States District Court, W.D. Pennsylvania.

Nov. 22, 1988.

Christine A. Ward, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for plaintiff.

John Michael Studeny, Warman & Crone, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

COHILL, Chief Judge.

Presently before the Court is the issue of whether plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction. At a status conference on July 27, 1988, the Court, *sua sponte*, ordered the parties to consider and brief the basis of federal court jurisdiction over this controversy. For the reasons set forth below, we will dismiss this action.

### I. BACKGROUND

Plaintiff, Eleanor A. Rose, purchased a Nissan 300–ZX from defendant A & L Motor Sales ("A & L") on April 19, 1986 for $22,007. Plaintiff alleges that the car was covered by a limited warranty. Subsequent to the purchase, plaintiff experienced numerous problems with the car and returned it to A & L for servicing on three separate occasions. Plaintiff contends that an independent body shop has opined that the car had been involved in an accident prior to plaintiff's purchase.

Plaintiff avers that the defendants breached the express warranty on the car and that a salesman falsely represented to her that the car had not previously been involved in an accident. She is seeking damages, costs and attorneys fees. Plaintiff's only claim to federal jurisdiction over this dispute is based on the Magnuson–Moss Warranty Act (the "Act"), 15 U.S.C. § 2301–2312; there is not complete diversity between the plaintiff and all defendants.

### II. DISCUSSION

The Act sets forth federal minimum standards for warranties on consumer products and provides access to federal courts to consumers who have been damaged by the failure of a warrantor to comply with the obligations imposed under the Act. In order for an individual claimant to seek relief

in federal court, the amount in controversy must be at least "$50,000 (exclusive of interest and costs)." 15 U.S.C. § 2310.

■ Because plaintiff paid only $22,007 for the car, the Court questioned whether plaintiff could meet the $50,000 amount in controversy requirement.

We first note that while the Act grants the court discretion to award attorney's fees, plaintiff's "costs", which term has been construed to include attorney's fees, cannot be considered in calculating the jurisdictional amount. *Saval v. BL Ltd.*, 710 F.2d 1027, 1032–33 (4th Cir.1983); *Simmons v. Taylor Childre Chevrolet–Pontiac, Inc.*, 629 F.Supp. 1030, 1033 (M.D.Ga. 1986).

Thus, we may retain jurisdiction over this action only if plaintiff's damages exceed $50,000. The Act is silent as to the amount of damages recoverable from a breach of a covered warranty. Courts must resort to state warranty law to ascertain the measure of damages. *Mackenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir.1979).

As adopted in Pennsylvania, the Uniform Commercial Code provides that the measure of damages for breach of warranty is the "difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." 13 Pa.C.S.A. § 2714. We believe that, assuming plaintiff could successfully establish a violation of the Act, she would be entitled to less than $22,007 (the price she paid for the car) in general damages. Section 2714 breach of warranty damages would only entitle plaintiff to recover the difference between the actual value of the car she received and the value the car would have had if it had been sold in the warranted condition.

Plaintiff certainly cannot reach the $50,-000 jurisdictional amount on general damages alone; the issue thus arises as to whether consequential and/or punitive damages are available to her.

Section 2714(c) of the Pennsylvania commercial code provides that consequential damages, as delineated under Section 2715, may be recovered for a breach of warranty. 13 Pa.C.S.A. § 2714(c). Section 2715(b) provides that consequential damages include (1) loss resulting from requirements of the buyer which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover, and (2) injury to person or property proximately resulting from any breach of warranty. 13 Pa.C.S.A. § 2714(c).

In her Complaint, plaintiff fails to allege any consequential damages. In her Brief on Jurisdiction, plaintiff merely states that she "incurred numerous consequential damages in the form of lost time from work, and other inconvenience experienced while attempting to resolve the difficulties with the 300–ZX." Plaintiff's Brief on Jurisdiction, p. 4.

Plaintiff's allegations of consequential damages are too vague to be of any value in our determination of potential damages available to plaintiff. Moreover, it doesn't appear that plaintiff has any recoverable consequential damages that would significantly increase her total damages.

Thus, plaintiff must rely on her demand for punitive damages to carry her over the $50,000 threshold. Punitive damages are recoverable under the Act for breach of warranty only if they may be recovered in a breach of warranty action brought under the governing state law. *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir.1984).

Pennsylvania courts have consistently held that punitive damages are not recoverable in an action for breach of contract or warranty. *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 476 A.2d 928, 932 (1984); *DeLuca v. Fidelity Bank*, 282 Pa. Super. 365, 422 A.2d 1159, 1161 (1980); *Krebs–Stengal Co. v. Gora*, 70 York 207, 208 (1957).

While arguing that defendant's conduct in this case rises to the level of behavior for which punitive damages are appropriate under Pennsylvania warranty law, plaintiff fails to cite any authority that supports

this proposition. Plaintiff's reliance on *McCabe v. Reuben H. Donnelley Co.*, 35 Pa.D & C 3d 567 (Luzerne, 1985), is misplaced. The *McCabe* court stated only that Count II of the plaintiff's complaint, based on the tortious actions of defendant's agents, alleged sufficiently outrageous conduct that plaintiff could proceed with a punitive damages claim. *Id.* at 571. Punitive damages may be available under Pennsylvania law for actions based on fraud or other intentional misconduct but they are not available in a breach of warranty action. Accordingly, plaintiff may not include such damages in her calculation of the amount in controversy.

█ Last, we disagree with plaintiff's argument that she may treble her actual damages in calculating the amount in controversy requirement because the second count of her Complaint alleges a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "U.T.P. C.P.L."), 73 Pa.S.A. § 201–1, *et seq.*, which provides for treble damages. As noted previously, we must look to Pennsylvania breach of warranty law to determine what damages are available to plaintiff under the Act. Plaintiff's claim under the U.T.P. C.P.L. is an independent and potentially pendent state fraud-based claim. We find no basis in logic or authority in the Act to allow plaintiff to incorporate damages recoverable under a pendent claim when calculating the amount in controversy with respect to a federal claim under the Act. *See Boelens*, 748 F.2d at 1071; *Simmons*, 629 F.Supp. at 1033 (punitive damages available under pendent state law claims cannot confer federal jurisdiction under the Act).

While we agree that plaintiff's remedies should be liberally construed, this Court has no authority to supply damage remedies that are not otherwise specifically provided for. We find that plaintiff has failed to meet her burden of demonstrating that the amount in controversy requirement is met. Thus, this Court does not have subject matter jurisdiction over her Magnuson–Moss Warranty Act claim. Because the Act is plaintiff's only alleged basis for federal jurisdiction, we have no alternative but to dismiss this action. Federal Rule of Civil Procedure 12(h)(3).

AND NOW, to wit, this 22nd day of November, 1988, it is ORDERED, ADJUDGED and DECREED that plaintiff's Complaint be and hereby is dismissed.