[PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-5364
Non-Argument Calendar
_____

D. C. Docket No. 97-1668-CV-JAL


MOSHEN ANSARI,

                                        Plaintiff-Appellant,

        versus

BELLA AUTOMOTIVE GROUP, INC., a Florida
corporation, d.b.a. Headquarter Toyota,
FRANCISCO PINTADO, individually and in
a representative capacity; and others,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 9, 1998)**


Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and HILL,
Senior Circuit Judge.



PER CURIAM:

This is an appeal from the dismissal with prejudice by the district court of the plaintiff's complaint for lack of subject matter jurisdiction under the Magnuson-Moss Warranty Act (the Act), 15 U.S.C. § 2310(d), for failure to meet its $50,000 amount in controversy jurisdictional provision, 15 U.S.C. § 2310(d)(3)(B).[1]  We affirm the judgment of the district court.

I.

Moshen Ansari claims that he purchased a used car for $15,979.44, "as is," and "with all faults," from Bella Automotive Group, Ltd., a Florida corporation doing business as Headquarter Toyota (Toyota) in 1997.  Ansari asserts that, when he experienced mechanical problems, he discovered that they stemmed from a major collision of which he had not been told.  Ansari then filed suit in federal district court against Toyota and its salesman, alleging nine state counts and one federal count under the Act.

---

[1]    Act § 2310(d)(3)(B) states in pertinent part:

```
(3) No claim shall be cognizable in a suit
brought under paragraph (1)(B) of this
subsection –
                    ***
(B) if the amount in controversy is less than
the sum of or value of $50,000 (exclusive of
interest and costs) computed on the basis of all
claims to be determined in this suit . . . .
```

II.

Nowhere in his complaint did Ansari allege the amount of damages he had incurred as a consequence of Toyota's alleged actions. As Ansari had paid only $15,979.44 for the car, Toyota moved to dismiss the action for failure to meet the $50,000 jurisdictional requirement of the Act. *See* note 1, *supra*. The district court agreed and dismissed Ansari's complaint with prejudice, stating in footnote 1:

> Even if Ansari had alleged damages in the amount of $50,000, it is unlikely that such an allegation would support jurisdiction under 15 U.S.C. § 2310(d)(B)(3) [sic] in light of the fact that Ansari purchased the vehicle at the center of this litigation for less than $16,000 . . .
>
> In his Magnuson-Moss Warranty Act claim, Ansari requests attorneys' fees. Those courts of appeals addressing the issue have unanimously held that attorney's fees are 'costs' within the meaning of 15 U.S.C. § 2310(d)(B)(3)[sic], which are excluded from a calculation of the $50,000 amount in controversy . . . Furthermore, the amount in controversy calculation cannot include damages flowing from any pendent state law claim brought by a plaintiff. Without being able to consider attorneys [sic] fees or damages allegedly flowing from any of Ansari's state law claims, it appears to a legal certainty that recovery of $50,000 is not possible. (Citations omitted).

III.

Although the issue of whether attorneys' fees are 'costs' within the meaning of Act § 2310(d)(3)(B), and excluded from a calculation of the $50,000 amount in controversy, is an issue of first impression in this circuit, it has been unanimously decided in the affirmative by the Third, Fourth, Fifth, and Seventh Circuits. *Suber v. Chrysler Corp.*, 104 F.3d 578, 589 n. 12 (3d Cir. 1997); *Saval v. B.L. Ltd.*, 710 F.2d

3

1027, 1032-33 (4th Cir. 1983); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984); *Gardynski-Leschuck v. Ford Motor Co.*, (7th Cir. April 2, 1998). We agree with and adopt the rationale of our sister circuits.

We are also agreement with the Fifth Circuit that the amount in controversy for purposes of Act § 2310(d)(3)(B) does not include damages flowing from any pendent state law claim brought by a plaintiff. *See Boelens,* 748 F.2d at 1071; *Simmons v. Taylor Childre Chevrolet-Pontiac, Inc.*, 629 F. Supp. 1030, 1033 (M.D.Ga. 1986).

IV.

A second issue raised by Ansari is whether the district court erred in dismissing his complaint with prejudice. Toyota correctly concedes in its brief that Ansari is free to bring the very same causes of action, should he so desire, in state court, without fear that *res judicata* may bar the second filing of the same suit. *See Sewell v. Merrill Lynch Pierce Fenner & Smith*, 94 F.3d 1514, 1518 (11th Cir. 1996), *citing* 1B James W. Moore, et al., *Moore's Federal Practice* ¶ 0.405[5](2d ed. 1996)("ordinarily a judgment dismissing an action or otherwise denying relief for want of jurisdiction, venue, or related reasons does not preclude a subsequent action in a court of competent jurisdiction on the merits of the cause of action originally involved").

V.

4

Based upon the foregoing, the judgment of the district court is AFFIRMED.