Tracy **JIMINEZ**, Plaintiff,

v.

**GOING FORWARD, INC.** d/b/a Manchester Chrysler, Plymouth and Chrysler Financial Corp., Defendants.

No. 3:98–CV–1899(WWE).

United States District Court,
D. Connecticut.

Oct. 19, 1998.

Daniel S. Blinn, Consumer Law Group, Rocky Hill, CT, for Tracy Jimenez.

David S. Hoopes, Mayo, Gilligan & Zito, Wethersfield, CT, for Going Forward Inc.

David A. Reif, Jennifer L. Schancupp, Susman, Duffy & Segaloff, New Haven, CT, for Chrysler Financial Corp.

### RULING ON MOTION TO REMAND

EGINTON, Senior District Judge.

### INTRODUCTION

This action was removed to this Court by Defendant Going Forward, Inc. ("GF"), pursuant to a Notice of Removal dated September 28, 1998. The claimed basis for federal jurisdiction is 28 U.S.C. § 1441, inasmuch as one of Plaintiff's claims arises under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("Magnuson–Moss"), which could confer federal question jurisdiction on this Court. Plaintiff has moved, pursuant to 28 U.S.C. § 1447, to remand this case to the Superior Court, asserting that there exists no federal question jurisdiction herein. She

contends that she does not meet the $50,000 jurisdictional amount required under Magnuson–Moss for federal court jurisdiction.

### *LEGAL ANALYSIS*

Magnuson–Moss states, in relevant part, that a plaintiff may bring a claim in federal court only if the amount in controversy exceeds $50,000, "computed on the basis of the claims in this suit." 15 U.S.C. § 2310(d)(3)(B). The "claims" referred to are any claims under the Act.

In this case, Plaintiff's claim under Magnuson–Moss is for significantly less than the required jurisdictional amount. This action arises from the Plaintiff's purchase of a used 1996 automobile, for which she paid just $20,-156.15. Although she paid de minimus repair bills as the car began to run poorly, she avers that her claim for consequential damages would not bring her to the jurisdictional limit, as such damages would need to total $29, 843.85, which, as one examines the Complaint, they do not.

■ Plaintiff does have other claims for monetary relief in her Complaint, including interest, attorneys' fees and costs. However, by its terms, Magnuson–Moss expressly excludes "interests and costs" from the amount in controversy. 15 U.S.C. § 2310(d)(3)(B). Attorneys' fees are among those costs that must be excluded. *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984). Consequently, all claims for attorneys' fees, costs and interest must be excluded from the Court's calculation of the jurisdictional amount.

■ Plaintiff also seeks punitive damages under Magnuson–Moss and the Connecticut Unfair Trade Practices Act ("CUTPA"). For purposes of establishing jurisdiction under Magnuson–Moss, punitive damages may be included only if they are available under applicable state law. *See Saval v. B.L. Ltd.*, 710 F.2d 1027, 1033–34 (4th Cir.1983). Further, claims for punitive damages proffered for the purpose of achieving any jurisdictional amount should be carefully examined. *Zahn v. International Paper Co.*, 469 F.2d 1033, 1033 n. 1 (2d Cir.1972), *aff'd* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).

■ In Connecticut, punitive damages are available under CUTPA only if the Court finds that a defendant's conduct was intentional and wanton, malicious, violent or motivated by evil. *Sir Speedy, Inc. v. L & P Graphics, Inc.*, 957 F.2d 1033 (2d Cir.1992) (reviewing CUTPA).[1] Even giving a most generous view to the conduct of Defendants vis-a-vis Plaintiff herein, the Court has serious doubts as to whether Plaintiff is deserving of punitive damages. For this reason— and also due to the highly speculative nature of the inquiry—the Court will not consider punitive damages in the calculation of the jurisdictional amount.

■ The Court has further determined that pendent state law claims should not be counted toward Magnuson–Moss' jurisdictional threshold. Although there appears to be no case in the Second Circuit which has considered this issue of consolidation, cases from other circuits appear to support this Court's approach. *Accord Marchionna v. Ford Motor Company*, 1995 WL 476591 at *7 (N.D.Ill.1995) (collecting cases supporting identical proposition); *Rose v. A & L Motor Sales et al.*, 699 F.Supp. 75, 77 (W.D.Pa.1988) (no basis in logic or authority in the Act to allow plaintiff to incorporate damages recoverable under a pendent state claim when calculating the amount in controversy with respect to a federal claim under the Act). In accord with these authorities, this Court concludes that Plaintiff's state law claims should not be considered when calculating Magnuson–Moss' jurisdictional amount.

### *CONCLUSION*

Plaintiff does not meet the jurisdictional amount of Magnuson–Moss; this Court lacks federal question jurisdiction and the Motion to Remand is GRANTED.

---

**1.** Even where punitive damages are awarded, a survey of CUTPA cases indicate that such awards are ordinarily minor amounts. *See, e.g. Tillquist*

*v. Ford Motor Credit Co.*, 714 F.Supp. 607 (D.Conn.1989) ($500).

The Clerk is directed to close this file.

SO ORDERED.