*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0086P (6th Cir.)
File Name: 00a0086p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MARK S. ROSEN; MARC
SLUTZKY; RONALD BLIGH;
GEORGE J. AMBROSIO, on
behalf of themselves and all
others similarly situated,
　　　　*Plaintiffs-Appellees,*

　　　　　*v.*

CHRYSLER CORPORATION,
n/k/a DAIMLERCHRYSLER
CORPORATION,
　　　　*Defendant-Appellant.*

No. 99-1017



Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 97-60374—George C. Steeh, District Judge.

Argued: December 6, 1999

Decided and Filed: March 9, 2000

Before: COLE and GILMAN, Circuit Judges; CARR,
District Judge.

---

　*The Honorable James G. Carr, United States District Judge for the
Northern District of Ohio, sitting by designation.

1

––––––––––––––––––

## COUNSEL

**ARGUED:** Jeffrey S. Russell, LAW OFFICE OF BRYAN CAVE, St. Louis, Missouri, for Appellant. Jerome M. Congress, MILBERG, WEISS, BERSHAD, HYNES & LERACH, New York, New York, for Appellees. **ON BRIEF:** Jeffrey S. Russell, Charles A. Newman, LAW OFFICE OF BRYAN CAVE, St. Louis, Missouri, John W. Rogers, St. Louis, Missouri, for Appellant. Jerome M. Congress, MILBERG, WEISS, BERSHAD, HYNES & LERACH, New York, New York, for Appellees.

––––––––––––––––––

## OPINION

––––––––––––––––––

JAMES G. CARR, District Judge. This is an appeal from a decision by the United States District Court for the Eastern District of Michigan to dismiss a class action lawsuit for lack of subject matter jurisdiction. For the following reasons, we REVERSE the judgment of the District Court, and REMAND the case for further proceedings.

## BACKGROUND

Named plaintiffs are owners and lessors of Jeep Grand Cherokees, manufactured by DaimlerChrysler (defendant) and equipped with the Quadra-Trac four wheel drive system. They allege that they were fraudulently induced to buy or lease their Grand Cherokees based on misrepresentations regarding Quadra-Trac and seek to represent a class of Grand Cherokee owners and lessors similarly defrauded. Their amended complaint accuses defendant of 1) common law fraud, 2) negligent misrepresentation, and 3) fraud under the New Jersey Consumer Fraud Act. (J.A. at 44-46). For relief, the amended complaint seeks payment of attorneys' fees, punitive damages, treble damages, rescission of the purchase price (approximately $30,000) of plaintiffs' Grand Cherokees,

Third, the amended complaint requests that damages be awarded for violation of the New Jersey Consumer Fraud Act. (J.A. at 91-92). The New Jersey Consumer Fraud Act provides for treble damages. *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 465 (N.J. 1994) (observing that once plaintiff proves an unlawful practice under the New Jersey Consumer Fraud Act, treble damages are required). As the parties correctly point out (J.A. at 21-23), the District Court neglected to consider the possibility of treble damages in its analysis. (J.A. at 114-17). A trebling of rescission damages alone potentially could exceed the $50,000 amount in controversy.

In conclusion, plaintiffs' allegations satisfy the amount in controversy requirement when considering recission, constructive trust and treble damages under New Jersey law. The District Court's contrary finding is not supportable as a legal certainty. For this reason, we need not consider the questions of supplemental jurisdiction, punitive damages, and aggregation raised by the parties.

## CONCLUSION

For the foregoing reasons, the opinion of the District Court is REVERSED and the case REMANDED for further proceedings consistent with this opinion.

not including counterclaims or offsets); *Savarse v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 142 (9th Cir. 1975) (declining to count offset against amount in controversy); *Cohen v. North Ridge Farms, Inc.*, 712 F. Supp. 1265, 1266 (E.D. Ky. 1989) (holding that amount in controversy is met in diversity action, in which plaintiff sought recission of contract for purchase of a returnable good, without regard to offset); *Associated Press v. Berger*, 460 F. Supp. 1003, 1004 (W.D. Tex. 1978) (citing *Jones v. Landry*, 387 F.2d 102 (5th Cir. 1967) (remarking that though defendant claimed offset, the amount in controversy should not consider the offset)); *Bailey v. Romney*, 359 F. Supp. 596, 599 (D.D.C. 1972) (finding that the amount in controversy is clearly satisfied where plaintiffs seek to rescind the purchase of their homes and homes are worth a substantial sum). Thus, the District Court erred by offsetting the amended complaint's recission claim by the resale value of the Grand Cherokee. The amount in controversy is the full contract price paid by plaintiffs – approximately $30,000.

Second, the amended complaint requests that a constructive trust be imposed "upon monies obtained by defendant as a result of" defendant's wrongful conduct. (J.A. at 93). The District Court did not consider this request for relief in determining whether the amount in controversy totaled $50,000. (J.A. at 114-17).

Under New Jersey law, a constructive trust may be imposed when failure to do so will result in unjust enrichment. *D'Ippolito v. Castro*, 242 A.2d 617, 619 (N.J. 1968). "Generally all that is required to impose a constructive trust is a finding that there was some wrongful act, usually, though not limited to, fraud, mistake, undue influence, or breach of a confidential relationship, which has resulted in a transfer of property." *Id.* Here, plaintiffs have made allegations of fraud in their amended complaint, and thus the value of the constructive trust – "all monies obtained by defendant" from sales of Grand Cherokees – should have been counted by the District Court. The District Court did not do so, and thus erred.

a constructive trust over all proceeds received by defendant "as a result of [its] wrongful conduct," and other compensatory damages. (J.A. at 47).

Named plaintiffs sued defendant in federal court in New Jersey on the basis of diversity of citizenship. The case was transferred to Michigan. Once in Michigan, the District Court, *sua sponte*, issued an order to show cause why the lawsuit should not be dismissed for failure to meet the amount in controversy requirement of 28 U.S.C. § 1332. (J.A. at 97-100). Specifically, the District Court was leaning toward finding that neither named plaintiffs nor unnamed class members could recover the statutorily set $50,000 minimum.[1]

Issuance of the show cause order was precipitated by deposition testimony from one of the plaintiffs that he had paid $800-$1000 more for his Grand Cherokee because it was equipped with Quadra-Trac. In light of this testimony, the District Court concluded that each plaintiff's individual damages amounted to no more than $1000. (J.A. at 98). The show cause order set a briefing schedule that granted plaintiffs until November 20, 1998 to file a brief demonstrating that they could meet the amount in controversy, and granted defendant until December 15, 1998 to file a reply. (*Id.*)

On December 2, 1998 – after plaintiffs had filed their brief but before the deadline for defendant's reply – the District Court dismissed the case. In its order of dismissal, the District Court held that it appeared to a "legal certainty" that the amount in controversy did not total $50,000.

Both plaintiffs and defendant disagree with the analysis of the District Court, and challenge its method of calculating the

---

[1]Plaintiffs' complaint was filed at a time when the amount in controversy required under the diversity statute was $50,000. Although that amount has since risen to $75,000, the amount in controversy is determined as of the time of filing. *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

amount in controversy. Specifically, the parties argue that the District Court: 1) improperly offset the value of plaintiffs' recission claim, 2) failed to consider the value of a constructive trust in its calculations, and 3) overlooked the statutory trebling of damages mandated by the New Jersey Consumer Fraud Act.

### STANDARD OF REVIEW

In diversity cases, the general rule is that the amount claimed by a plaintiff in his complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Sellers v. O'Connell*, 701 F.2d 565, 578 (6th Cir. 1983). A claim is less than the jurisdictional amount where the "applicable state law bar[s] the type of damages sought by plaintiff." *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973).

Here, the District Court determined that it was a legal certainty that plaintiffs, both named and unnamed, could not meet the jurisdictional amount of $50,000. (J.A. at 116). We review the District Court's decision *de novo*. *American Landfill, Inc. v. Stark, et al.*, 166 F.3d 835, 837 (6th Cir. 1999).

### DISCUSSION

The parties allege that the District Court erred in not fully counting towards the amount in controversy the damages potentially recoverable on three theories of liability under New Jersey law: recission, constructive trust and treble damages.[2] According to the parties, these damages, when

---

[2] A federal court sitting in diversity must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). When a case is transferred, the transferee court must apply the choice of law rules that the transferor court would have applied had the case not been transferred. *Ferens v. John Deere Co.*, 494

combined with attorney's fees and compensatory damages, likely give rise to an amount in controversy in excess of $50,000. We agree.

First, the amended complaint requests that plaintiffs be permitted to rescind their purchase or lease contracts with defendant. (J.A. at 92). The District Court concluded that the value of recission – the Grand Cherokee's approximately $30,000 price tag – would be offset by the return of the vehicle to defendant, and thus was worth the difference between the original contract price and the resale price. This difference "would not amount to the $30,000 damages recovery as alleged," according to the District Court. (J.A. at 116).

As the District Court correctly noted, a recission is the annulment or undoing of a contract. Under New Jersey law, recission is available "where there is original invalidity, fraud, failure of consideration or a material breach." *Notch View Assocs. v. Smith*, 615 A.2d 676, 680 (N.J. Super. Ct. Law Div. 1992). Plaintiffs have alleged facts which, if taken as true, state a claim for recission. (J.A. at 89-92).

Contrary to the reasoning articulated by the District Court, however, in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy. *See, e.g.*, *Jadair, Inc. v. Walt Keeler Co.*, 679 F.2d 131, 133 n. 5 (7th Cir. 1982) (remarking that in a case of contract recission, the amount in controversy is a net figure

---

U.S. 516, 523 (1990). In this case, plaintiffs originally filed in New Jersey. Thus, the choice of law rules of New Jersey apply.

In New Jersey, local law governs a dispute unless the parties demonstrate that the law of a foreign jurisdiction is conflicting. *Gantes v. Kason Corp.*, 679 A.2d 106, 108 (N.J. 1996) ("The initial prong of the governmental-interest analysis entails an inquiry into whether there is an actual conflict . . . ."). Here, the parties concede there is no conflict. (Defendant's Brief at 18, n.10; Plaintiff's Brief at 1). And no conflict was noted by the District Court. Thus, in the absence of a conflict, New Jersey law is controlling.