**Abina BARNES, Plaintiff,**

v.

**WEST, INC., d/b/a Brown's Arlington Honda, Defendant.**

**No. CIV.A. 02–1678–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

March 10, 2003.

Thomas Bryan Christiano, Blankingship & Associates P.C., Alexandria, for Plaintiffs.

Richard Van Wert Adams, III, Walton & Adams P.C., McLean, for Defendants.

## MEMORANDUM OPINION

ELLIS, District J.

In this action, a disgruntled car purchaser has sued the car dealership from which she purchased a car, alleging two federal claims, a Truth in Lending Act ("TILA") claim[1] and a Magnuson–Moss Warranty Act ("MMWA") claim,[2] as well as several state claims. The TILA claim has been dismissed on a threshold dismissal motion, pursuant to Rule 12(b)(6), Fed.R.Civ.P., on statute of limitations grounds. *See Barnes v. West, Inc.*, 243 F.Supp.2d 559 (E.D.Va. 2003). The question now presented is whether there is subject matter jurisdiction to hear the remaining MMWA and state claims.

### I.

The alleged facts are set forth in detail in the Memorandum Opinion explaining the dismissal of the TILA claim. *See Barnes*, 243 F.Supp.2d at 560–64. A brief summary suffices here. Plaintiff, Abina Barnes, bought what she was told by defendant was a new car. After complaining that the paint was peeling off the "new" car, she was told by defendant that this was not unusual because her car had "water-based paint." Plaintiff later discovered that, in fact, the car was not new, but had been damaged in an accident, and completely repainted. The defendant had allegedly misrepresented the car's history and condition to plaintiff, and refused to take any corrective action.

Plaintiff filed her five-count complaint on November 14, 2002.[3] As noted, the TILA claim was dismissed because the statute of limitations had expired, and no grounds existed for equitable tolling. *See id.* The question now presented is whether there is subject matter jurisdiction to

---

1. 15 U.S.C. § 1601 *et seq.*

2. 15 U.S.C. § 2301 *et seq.*

3. Count I alleged a TILA violation; Count II alleged a MMWA violation; Counts III, IV, V, and VI allege violations of the Virginia Consumer Protection Act, Va.Code § 59.1–196. Count VII alleges breach of contract, and Count VIII alleges fraud.

hear the remaining claims contained in Counts II through VIII.

## II.

■ Analysis properly begins with the question of whether there is an independent basis for federal jurisdiction over the MMWA claim. There is not. The MMWA provides that a consumer may bring a suit in federal court only if the amount in controversy exceeds $50,000. *See* 15 U.S.C. § 2310(d)(1)(B) (conferring federal jurisdiction); 15 U.S.C. § 2310(d)(3)(B) (requiring the $50,000 amount in controversy). Because plaintiff concedes that she does not meet the amount in controversy requirement,[4] there is no independent basis for federal jurisdiction over plaintiff's MMWA claim.

■ This conclusion does not end the analysis because the MMWA also provides that MMWA claims can be brought "in any court of competent jurisdiction in any State or District of Columbia" without regard to the amount in controversy. 15 U.S.C. § 2310(d)(1)(A). Thus, MMWA claims that cannot independently be heard in federal court owing to the absence of the requisite amount in controversy, can still be heard in federal court in circumstances where supplemental jurisdiction is

properly exercised under 28 U.S.C. § 1367. *See Wetzel v. American Motors Corp.*, 693 F.Supp. 246, 250 (E.D.Pa.1988). In those circumstances, the amount in controversy requirement is no obstacle to the claim being heard in federal court because the basis for federal jurisdiction over the MMWA claim is not 15 U.S.C. § 2310(d)(1)(B), but rather 28 U.S.C. § 1367. Thus, the next step in the analysis is to determine whether there is diversity jurisdiction over any of the remaining state claims and, if so, whether, under § 1367, the requisite relationship exists between that claim or claims and the MMWA claim.

■ Although diversity of citizenship exists for all the state claims, only Count VIII—the fraud claim—meets the amount in controversy requirement. *See* 28 U.S.C. § 1332. Plaintiff alleges $350,000 in damages resulting from defendant's alleged fraud. Given that there is federal diversity jurisdiction over the fraud claim, the question remains whether there is supplemental jurisdiction over the remaining state claims and the MMWA claim under 28 U.S.C. § 1367, which states that,

in any action of which the district courts have original jurisdiction, the district

---

4. The purchase price of the car was only $18,235.85.

It is also worth noting that if the state fraud claim did not meet the requirements of 28 U.S.C. § 1332, plaintiff could not aggregate her state law claims, Counts III through VIII, to meet the MMWA's amount in controversy requirement. *See, e.g., Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1272 (11th Cir.1998) (holding that the Eleventh Circuit "was in agreement with the Fifth Circuit that the amount in controversy for purposes of... § 2310(d)(3)(B) does not include damages flowing from any pendant state law claim brought by a plaintiff") (citing *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1071 (5th Cir.1984); *Simmons v. Taylor Childre Chevrolet–Pontiac, Inc.*, 629 F.Supp. 1030, 1033

(M.D.Ga.1986)); *Marchionna v. Ford Motor Company*, 1995 WL 476591 (N.D.Ill.1995) (noting that "every court that has examined this issue in any detail has concluded that state claims may not be counted toward Magnuson–Moss' jurisdictional threshold") (citing, *inter alia*, *Hatcher v. Chrysler Motors Corp.*, 1990 WL 21164, *3 (E.D.Pa.1990)) (holding that "only MMWA claims may be summed in determining the jurisdictional amount"); *Rose v. A & L Motor Sales*, 699 F.Supp. 75, 77 (W.D.Pa.1988) (holding that there is "no basis in logic or authority to allow plaintiff to incorporate damages recoverable under a pendent claim when calculating the amount in controversy with respect to a federal claim under the [MMWA]").

courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). In other words, if plaintiff's remaining claims "derive from a common nucleus of operative fact...such that [s]he would ordinarily be expected to try them all in one judicial proceeding," then a federal court properly exercises supplemental jurisdiction over all of the related claims. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

In this case, it is clear that all of plaintiff's claims arise from a single event, namely her purchase from defendant of what she believed was a new car. Accordingly, there is federal diversity jurisdiction over the fraud claim and supplemental jurisdiction over all of the remaining claims, including the MMWA claim. Thus, this matter now proceeds with Counts II through VIII to the discovery and summary judgment stage, and perhaps trial.

An appropriate order will issue.