Terrance **GOLDEN**, Plaintiff,

v.

**GORNO BROS., INC., d/b/a Gorno Ford, Ford Motor Credit Company, Ford Motor Company, and Saleen Incorporated, Defendants.**

No. 02–CV–71900–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 8, 2003.

Ian Lyngklip, Southfield, MI, for Plaintiff.

Daniel G. Kielczewski, Detroit, MI, for Defendant.

## ORDER (1) GRANTING DEFENDANT GORNO BROS., INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND (2) DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIMS

BORMAN, District Judge.

Now before the Court is Defendant Gorno Bros., Inc.'s motion to dismiss for lack of subject matter jurisdiction. Having reviewed and considered the parties' briefs, and the entire file of this matter, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. Having considered the entire record, and for the reasons that follow, the Court GRANTS Defendant Gorno Bros., Inc.'s motion to dismiss and DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's remaining state law claims.

## FACTS

This case arises out of Plaintiff's purchase of an allegedly defective automobile from Defendant, Gorno Brothers, Inc., on May 21, 2001.[1] (Compl.¶ 12.) On this date, Plaintiff executed a retail installment sales contract for a 2001 Ford Mustang–Saleen. (*Id.* ¶ 12.) The pre-tax purchase price of the vehicle was $42,903.41. (Pl.'s Resp. Br. Exh. A.) Plaintiff received a $1,000 rebate and made a $2,000 cash down-payment. (*Id.*) The remainder of

the purchase price was financed by Ford Motor Credit Company at 9.50%. (*Id.*)

Plaintiff alleges that the automobile suffered from substantial defects. These defects included (1) defective front hood insulation which caused the accelerator and serpentine belt to rub against the hood insulator, creating the possibility of a fire and serious safety issues; and (2) a burning odor emanating from underneath the hood. (Compl.¶ 20.)

Plaintiff took the vehicle in for warranty repairs on at least five occasions. Based upon numerous factors, Plaintiff deemed the vehicle "unmerchantable, unfit and of diminished value." (*Id.* ¶ 24.). Consequently, Plaintiff allegedly "rescinded, canceled, or otherwise terminated the contract of sale." (*Id.* ¶ 25.)

Numerous counts remained against Gorno Brothers. These include:

Count I: Magnuson–Moss Warranty Act—15 U.S.C. § 2301 et seq.

Count IV: Michigan Consumer Protection Act

Count VII: Michigan Lemon Law—MCLA § 257.1401 et seq.

Count X: Breach of Contract

Count XI: Breach of Warranties

Count XIV: Repudiation

Count XV: Revocation of Acceptance

Count XVI: Michigan Motor Vehicle Finance Act—MCLA § 492.101 et seq.

Gorno Brothers field the instant motion to dismiss on June 3, 2003. Gorno Brothers argues that the Court lacks subject matter jurisdiction over Plaintiff's Magnuson–Moss Warranty Act claim. Specifical-

---

1. Also named as defendants in Plaintiff's Complaint were Ford Motor Credit Company, Ford Motor Company, and Saleen, Inc. During the final pretrial conference, counsel for Plaintiff represented that private settlement agreements had been executed by Plaintiff and these Defendants. As such, only Plaintiff's claims against Gorno Brothers remain before the Court.

ly, Gorno Brothers contends that Plaintiff cannot satisfy the $50,000 amount in controversy requirement set forth in 15 U.S.C. § 2310(d)(3). Plaintiff disagrees, arguing that the finance charges (interest) to be charged over the life of the loan must be included in the amount in controversy.

### ANALYSIS

■ 15 U.S.C. § 2310 provides a private cause of action for consumers under the Magnuson–Moss Warranty Act. A plaintiff may initiate a cause of action in either state or federal court:

Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—

(A) in any court of competent jurisdiction in any State or the District of Columbia; or

(B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

15 U.S.C. § 2310(d)(1). The statute limits, however, a consumers ability to bring a claim in federal court. A consumer may not bring a federal action, if, among other restrictions "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B).

Gorno Brothers contends that the amount in controversy cannot exceed $50,000, given the fact that the purchase price of the vehicle was only $42,903.41. Plaintiff disagrees, arguing that the Court must consider the full value of the contract, including interest to be paid over the life of the loan (finance charges). The Court concludes that subject matter jurisdiction is lacking over Plaintiff's Magnuson–Moss Warranty Act claim.

■ The Court must look to applicable state warranty law when determining the measure of damages under the Magnuson–Moss Warranty Act. *Boyd v. Homes of Legend, Inc.,* 188 F.3d 1294, 1298 (11th Cir.1999); *Gardynski–Leschuck v. Ford Motor Co.,* 142 F.3d 955, 957 (7th Cir.1998) (applying Illinois warranty law); *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1064–65 (5th Cir.1984); *Rose v. A & L Motor Sales,* 699 F.Supp. 75, 76 (W.D.Pa. 1988).

*Rose,* cited by Plaintiff, is instructive. There, the state of Pennsylvania adopted the Uniform Commercial Code, setting forth the measure of damages for beach of warranty as the " 'difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.' " *Rose,* 699 F.Supp. at 76 (quoting 13 PA. CONS. STAT. ANN. § 2714). The district court held that, even if it assumed that a violation could be established, the plaintiff, under Pennsylvania warranty law, would be entitled to *less* than the purchase price of the vehicle—$22,007. *Id.* As such, the district court concluded that the plaintiff failed to satisfy her burden of demonstrating that the amount in controversy requirement could possibly be met. *Id.* at 77.

■ Similarly, in this case, the state of Michigan has adopted an identical version of the Uniform Commercial Code.[2] Michi-

---

**2.** *Gardynski–Leschuck,* relied upon by Gorno Brothers, applied Illinois' warranty "cover" provision—UCC section 2712. *Gardynski–*

*Leschuck,* 142 F.3d at 957. Plaintiff's has not attempted to "cover," as contemplated by the statute.

gan Complied Laws section 440.2714 provides:

> The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

MICH. COMP. LAWS ANN. § 440.2714(2). Clearly, like *Rose*, the measure of damages under Michigan warranty law would be considerably less than $42,903—the purchase price of the vehicle in question. Gorno Brothers presented the affidavit of Edward Jolliffe, its General Manager. Mr. Jolliffe testified that the retail price of Plaintiff's vehicle is $25,000.[3] (Pl.'s Br. Exh 8.) Even if the Court were to assume, for the sake of argument, that the actual value of the automobile, as accepted by Plaintiff, was half of this amount, Plaintiff would only be entitled to recover $30,403 (the purchase price less the value of the goods accepted). Like *Rose*, Plaintiff certainly cannot reach the $50,000 jurisdictional amount on general damages alone.

■■■ Furthermore, Plaintiff cannot rely on a potential award of attorney's fees to bolster the amount in controversy—all federal circuit courts that have addressed the issue have held that attorney's fees are "costs" within the meaning of section 2310(d)(3)(B). *Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1271–72 (11th Cir.1998) (citations omitted). Additionally, under Michigan law, "[t]here is no specific authorization in the act for an award of exemplary damages in transactions involving a breach of warranty."[4] *Sullivan Indus. v. Double Seal Glass Co.*, 192 Mich. App. 333, 351, 480 N.W.2d 623 (1991). Fi-

nally, the amount in controversy for purposes of the Magnuson–Moss Warranty Act does not include damages flowing from any pendent state law claim brought by a plaintiff. *Ansari*, 145 F.3d at 1272; *Barnes v. West, Inc.*, 249 F.Supp.2d 737, 739 n. 4 (E.D.Va.2003).

■■■ Plaintiff cites *Rosen v. Chrysler Corp.*, 205 F.3d 918 (6th Cir.2000), for the proposition that the Court should consider the entire value of the contract, including the finance charges to be incurred over the life of the loan, when determining the amount-in-controversy. Plaintiff's reliance on *Rosen* is misplaced for several reasons. First, prior to citing *Rosen*, Plaintiff recognized that the Court must look to state warranty law to determine the measure of damages. (Pl.'s Resp. Br. at 14.) Notwithstanding this recognition, Plaintiff ignores the fact that *Rosen* applied New Jersey, not Michigan law. *Rosen*, 205 F.3d at 921 n. 2. Furthermore, *Rosen* did not involve the measure of damages under any state warranty law—Michigan or New Jersey. Finally, even if the Court were to ignore these deficiencies, *Rosen* does not support Plaintiff's contention. The court in *Rosen* held that the district court erred, with respect to the damages available for rescission of a contract under New Jersey law, when it offset the vehicle's resale price from the purchase price of the vehicle. *Id.* at 921–22. Instead, the court held that when a party rescinds a contract, the contract's entire value—i.e., the purchase price—is the amount in controversy. *Id.* This holding does not support an expanded conclusion that interest charges to be incurred over the life of a loan financing the purchase of an automobile are also included in the amount in controversy.

---

**3.** Plaintiff has not contested this figure.

**4.** Incidental and consequential damages may be proper pursuant to Michigan Compiled

Laws section 440.2715. MICH. COMP. LAWS ANN. § 440.2714(3). Plaintiff has made no such claim.

Consequently, although Plaintiff may bring a Magnuson–Moss Warranty Act claim in state court pursuant to 15 U.S.C. § 2310(d)(1)(A), this Court does not have subject matter jurisdiction over his Magnuson–Moss Warranty Act claim. Count I, therefore, is DISMISSED WITHOUT PREJUDICE. Furthermore, because all of the federal claims have been dismissed, and because Plaintiff may initiate his Magnuson–Moss Warranty Act claim in state court, the Court, pursuant to 28 U.S.C. § 1367(c)(3),[5] declines to exercise supplemental jurisdiction over the remaining state law causes of action and DISMISSES these claims WITHOUT PREJUDICE.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Gorno Bros., Inc.'s motion to dismiss. Furthermore, the Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's remaining state law claims and DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE.

SO ORDERED.

---

**5.** The statute provides: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

"A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir.1996) (citation omitted). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Id.* at 1254–55 (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)); *see also Brandenburg v. Housing Authority of Irvine*, 253 F.3d 891 (6th Cir. 2001) ("In fact, the usual course is for the district court to dismiss state-law claims without prejudice if all federal claims are disposed of on summary judgment."); *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir.1991) (noting that only "overwhelming interests in judicial economy may allow a district court to properly exercise its discretion and decide a pendent state claim even if the federal claim has been dismissed before trial").