**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-2018**

_____

STEPHEN MISEL; TIFFANY MISEL,

        Plaintiffs - Appellants,

      v.

MAZDA MOTOR OF AMERICA, INCORPORATED, a California
corporation,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:09-cv-00457-F)

_____

Submitted:  February 18, 2011      Decided:  March 28, 2011

_____

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Christopher W. Livingston, White Oak, North Carolina, for
Appellants.  H. Toby Schisler, Amy L. Keegan, DINSMORE & SHOHL,
LLP, Cincinnati, Ohio, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen and Tiffany Misel appeal the district court's order and judgment granting Mazda Motor of America, Inc.'s ("Mazda") Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") motion to dismiss for lack of subject matter jurisdiction. Finding no reversible error, we affirm.

The Misels filed suit against Mazda, alleging that it violated the North Carolina New Motor Vehicles Warranties Act, N.C. Gen. Stat. § 20-15A (2010), and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (2006) ("MMWA"), when it failed to repair or replace the new car that the Misels purchased. The Misels sought to recover the purchase price of the car less an amount for reasonable use before the first attempted repair, tripled pursuant to N.C. Gen. Stat. §§ 20-351.2, 20-351.3, for a total of $66,405.15. Mazda moved to dismiss the Misels complaint for lack of jurisdiction. The district court granted Mazda's motion, holding that the Misels failed to satisfy the MMWA's $50,0000 amount in controversy requirement because the aggregate of their MMWA claims was less than $50,000.

We review de novo a district court's decision granting a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). See Etape v. Chertoff, 497 F.3d 379, 382 (4th Cir. 2007). The district court should grant such a motion "only if the material jurisdictional facts are not in dispute

2

and the moving party is entitled to prevail as a matter of law." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citation omitted).  The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction.  Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

A plaintiff may file a MMWA suit for damages for certain breach of warranty obligations in either state or federal court.  15 U.S.C. § 2310(d)(1) (2006).  Such a suit, however, is not appropriately brought in a United States district court

 (A) if the amount in controversy of any individual claim is less than the sum or value of $25;

 (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

 (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3).

The Misels concede that their claims do not meet the $50,000 requirement unless they receive treble damages pursuant to North Carolina law.  The aggregate amount in controversy, however, is not computed on the basis of pendent state law claims.  See, e.g., Ansari v. Bella Auto. Group, Inc., 145 F.3d

3

1270, 1272 (11th Cir. 1998); Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1071 (5th Cir. 1984); Collins v. Computertraining.com, Inc., 376 F. Supp. 2d 599, 602 (E.D. Va. 2005); Barnes v. West, Inc., 249 F. Supp. 2d 737, 739 n.4 (E.D. Va. 2003); Critney v. Nat'l City Ford, Inc., 255 F. Supp. 2d 1146, 1147-49 (S.D. Cal. 2003); Rose v. A & L Motor Sales, 699 F. Supp. 75, 77 (W.D. Pa. 1988). Therefore, the Misels do not meet the MMWA's aggregate amount in controversy requirement and the district court could not exercise jurisdiction over their suit.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED