Robert **CRITNEY**, an individual, on behalf of himself and also on behalf of all others similarly situated and on behalf of the general public, Plaintiff,

v.

**NATIONAL CITY FORD, INC.**, a corporation; United Auto Group, Inc., a corporation; and Does 1 through 10, inclusive, Defendants.

Civ. No. 03–CV–0239 B.

United States District Court,
S.D. California.

April 3, 2003.

Hallen D. Rosner, Rosner Law and Mansfield, San Diego, CA, for plaintiff.

Richard James Annen, Sparber Ferguson, San Diego, CA, for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THIS ACTION TO SAN DIEGO COUNTY SUPERIOR COURT

### I. FACTUAL BACKGROUND

In 2001, Plaintiff Critney purchased a used 2000 Ford Taurus from Defendant National City Ford, Inc. ("NCF"), a subsidiary of Defendant United Auto Group, Inc. ("UAG"). In January 2002, the Plaintiff filed a lawsuit against NCF in state court, alleging that NCF had failed to inform him that the Taurus was a prior rental vehicle. The Complaint lists numerous state causes of action and a single federal claim for violation of the Magnuson–Moss Warranty Act (15 U.S.C. §§ 2301 et seq.) ("MMWA"). NCF did not remove the action to federal court.

During discovery, the Plaintiff became aware that NCF had sold 240 undisclosed prior rental vehicles to California consumers between May 1999 and August 2002. *See* Decl. of Alan M. Mansfield in Supp. of Mot. to Remand ("Mansfield Decl.") at Ex. 1. Additionally, NCF disclosed that its parent company, UAG, played a role in implementing the procedures that resulted in the sale of undisclosed prior rental vehicles. *See id.* In response, the Plaintiff filed an Amended Complaint on January 27, 2003, adding class allegations and naming UAG as an additional Defendant. With regard to the single federal claim alleging violation of the MMWA, however, the Amended Complaint states "[t]his cause of action is asserted by the plaintiff in his individual capacity only." *See* Amend. Compl. at ¶ 89.

On February 5, 2003, Defendant UAG removed the case to the district court on the ground that the Plaintiff's cause of action under the MMWA gives rise to federal subject matter jurisdiction. On February 12, 2003, the Plaintiff filed the instant motion to remand. The Plaintiff argues that the Court lacks jurisdiction because his MMWA claim is for less than the jurisdictional threshold of $50,000. *See* 15 U.S.C. § 2310(d)(3)(B) (limiting the district court's subject matter jurisdiction over MMWA suits to those cases where the amount in controversy exceeds $50,000). Defendant opposes the motion to remand and contends that the Court must take into account the Plaintiff's pendent state law claims when computing the amount in controversy.

### II. DISCUSSION

■ The dispute between the parties involves a matter of statutory interpretation, *i.e.,* the meaning of 15 U.S.C. § 2310(d)(3). The analysis must begin with the text of the statute. Section 2310(d)(3) states:

**No claim shall be cognizable in suit brought [in federal district court] under [the Warranty Act]—**

> **(A) if the amount in controversy of any individual claim is less than the sum or value of $25.00;**
>
> **(B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in the suit; or**
>
> **(C) if the action is brought as a class action, and the number of named plaintiffs is less than 100.**

15 U.S.C. § 2310(d)(3).

Standing alone, the plain meaning of Subpart (B) is unambiguous. It instructs the Court to compute the amount in controversy "on the basis of *all claims* to be determined in the suit." *Id.* (emphasis added). Many, if not most, suits litigated in federal district court involve both state and federal claims. Thus, on its face, the term "all claims" appears to encompass both state and federal claims. However,

several factors counsel against relying solely on plain meaning.

First, statutes cannot be read in a vacuum, for text without context is essentially meaningless. If Subpart (B) is read *in pari materia* with Subparts (A) and (C), the validity of the plain meaning interpretation of the term "all claims" is cast into doubt. Subparts (A) and (C) relate to the district court's jurisdiction over class action suits brought under the MMWA. Subpart (A) sets a minimum dollar value of $25.00 for individual MMWA claims, and Subpart (C) sets a floor of one hundred named plaintiffs. When Subpart (B) is read in context, it is apparent that the term "all claims" most likely refers to the sum of all of the individual MMWA claims contemplated in Subpart (A). Thus, Subpart (A) establishes a minimum dollar value for individual MMWA claims, Subpart (B) establishes a minimum dollar value for the sum of all of the individual MMWA claims, and Subpart (C) establishes the minimum number of plaintiffs required if the suit is a class action. An MMWA suit that does not comport with the three requirements must be litigated in state court.

The legislative history supports this interpretation of the statute. The purpose of the $50,000 minimum amount in controversy is "to avoid trivial or insignificant actions" being pursued in federal courts. H.R.Rep. No. 93–1107 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7702, 7724. This purpose would be significantly undermined if the value of pendent state claims could be relied upon to satisfy the $50,000 jurisdictional threshold:

**Were [Subpart B's] limitation of federal actions read to allow aggregation of the amounts sought in related state claims, Congress' purpose in crafting the section would be thwarted. No longer would there be any difference between the set of MMWA cases cog-**nizable in state court and those allowed in federal court because virtually all such warranty actions would surely include related state claims, particularly fraud claims, which, if allowed to be aggragated with the federal claim, would easily meet the $50,000 requirement. It follows that Congress' clear intent to limit federal jurisdiction over MMWA claims can be given proper effect only by construing the phrase in [Subpart B]—'all claims to be determined in this suit'—to mean 'all MMWA claims.'**

*Donahue v. Bill Page Toyota, Inc.,* 164 F.Supp.2d 778, 782 (E.D.Va.2001). *See also Ansari v. Bella Auto. Group, Inc.,* 145 F.3d 1270, 1272 (11th Cir.1998) (concluding that calculation of the $50,000 amount in controversy requirement for jurisdiction under the MMWA does not include damages flowing from pendent state law claims); *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1071 (5th Cir.1984) (stating that "a pendent state law claim ... cannot be used to confer jurisdiction [under the MMWA].").

Finally, an interpretation of Subpart (B) that would allow the aggregation of pendent state claims to satisfy the $50,000 amount in controversy would be wholly inconsistent with the concept of supplemental jurisdiction. A district court may exercise supplemental jurisdiction over pendent state claims only if it possesses original jurisdiction over a related federal cause of action. *See* 28 U.S.C. § 1367(a) (stating that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other [related] claims...."). In other words, original jurisdiction is a *prerequisite* to the district court's exercise of supplemental jurisdiction. *See, e.g., Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451 (6th

Cir.1996) (stating that "[t]he supplemental jurisdiction statute is not a source of original jurisdiction.…"). If Subpart (B)'s reference to "all claims" included state claims, then in those cases where the MMWA claims are for less than $50,000, the district court would be deriving original jurisdiction from pendent state claims over which it can exercise supplemental jurisdiction only if it has original jurisdiction. An interpretation that condones such jurisdictional "bootstrapping" cannot be correct. Thus, the Court holds that Subpart (B)'s reference to "all claims" means *all MMWA claims.*

## III. CONCLUSION

For the aforementioned reasons, the Plaintiff's motion is GRANTED. The Plaintiff has requested costs and attorney's fees. It is within the Court's discretion to award the Plaintiff reasonable fees and costs incurred as a result of the improvident removal. *See* 28 U.S.C. § 1447(c). The Plaintiff may file a declaration containing an itemized list of such fees and costs, no later than April 21, 2003. The Defendants may file a memorandum in opposition to an award of fees and costs no later than May 5, 2003. A further Order will be issued thereafter.

The Defendants' motion to dismiss, filed February 10, 2003, and the Defendant's motion for summary judgment, filed February 13, 2003, are OFF CALENDAR. Both will be included in the remand file.

IT IS SO ORDERED.